[Civ. No. 16316. Second Dist., Div. Two. July 13, 1948.]

MARY PRATT SANDERS et al., Respondents, v. HOWARD PARK COMPANY et al., Defendants; COBURG OIL COMPANY, Appellant.

Anthony J. Fritz for Appellant.

Joseph R. Vaughan for Respondents.

MOORE, P. J.—The question for decision is whether the motion to be relieved of a default is defeated by former final orders relative thereto.

On July 10, 1942, respondents commenced an action (case No. 478,480) to declare an abandonment and to quiet title under a lease executed on May 29, 1924, between respondent lessors and appellant's assignors. No service of summons was made on appellant until February 11, 1944, pursuant to which the default of appellant was entered April 18, 1944, and on July 11, 1944, judgment was entered quieting title in respondents. No appeal was taken.

September 2, 1947, appellant served and filed its notice of motion to quash the service of summons, to set aside the judgment and to dismiss the action. On September 16, 1947, the motion was denied. This appeal is from the order denying the motion. From the record it is clear that such act was not erroneous.

■ Appellant's basic contention is that judgment could not have been legally entered against it for the reason that the court had not acquired jurisdiction in that the order for service on the secretary of state was based upon affidavits which were insufficient to show due diligence to locate and serve the officers of appellant. But prior to the instant order it had already been judicially determined three times that such affidavits *were* sufficient to support the order for such service of summons. (1) In the original action the court found from the affidavits "that the defendant is a California corporation and that defendant has not filed with the Secretary of State of California, a designation of natural person as its agent for the service of process, as required by Civil Code 373; and . . . that *personal service against said defendant cannot be made with the exercise of due diligence in any other manner provided by law.*" Upon such finding and evidence the order for service on the secretary of state was made. (2) As a basis for entering its judgment the court "examined the affidavits" filed as a basis for the order, and the order directing such service and the proof thereof; and after having taken testimony on the merits, the court found "that ever since January 5, 1943, said corporation did not maintain a place of business in the State of California during the pendency of this action, that *personal service could not be made on said corporation, that plaintiffs did with exercise of due diligence endeavor to make personal service upon said corporation*" and thereupon rendered judgment. No appeal was taken from the judgment. (3) Thereafter, in action No. 516,496, appellant, then plaintiff, made the same allegations "that the affidavits upon which said order for said service was obtained were insufficient in failing to show that plaintiff [respondent herein] exercised diligence to locate any officers of plaintiff." In that action a judgment of nonsuit was entered which became final when plaintiff [appellant here] failed to appeal.

Thus by two final judgments the issue involved herein had been adjudicated. Having admitted in evidence the file in action No. 516,496 and the corporation file No. 63,401 showing

that Coburg Oil Company is the new name of Petroleum Development Company, the court properly denied appellant's requested relief.

The order is affirmed.

McComb, J., and Wilson, J., concurred.

A petition for a rehearing was denied July 30, 1948, and the following opinion was rendered:

THE COURT.—▉ In its petition for a rehearing appellant urges for the first time that judgment may not be taken against a corporation while it is suspended for nonpayment of its franchise tax and has cited authorities in support thereof. An argument based upon a point not mentioned in the original brief of the petitioner will be of no avail on its demand for a rehearing. The judgments of appellate courts will not be upset in order to grant a rehearing unless the basis of the petitioner's demand was presented in his opening brief. (*Prince* v. *Hill,* 170 Cal. 192, 195 [149 P. 578]; *Merchants' Ice & Cold Storage Co.* v. *Globe Brewing Co.,* 73 Cal.App.2d 828, 838 [167 P.2d 503].)

Appellant's petition for a hearing by the Supreme Court was denied September 8, 1948.