[Civ. No. 17718.   Second Dist., Div. Three.   Oct. 27, 1950.]

COBURG OIL COMPANY (a Corporation), Plaintiff and Appellant, v. G. M. RUSSELL et al., Defendants; GUY N. STAFFORD, Defendant and Appellant.

Guy N. Stafford, in pro. per., and Anthony J. Fritz, for Plaintiff and Appellant.

Fred F. Wehrle, J. R. Vaughan, Lawrence L. Otis, Gilbert E. Harris and Warren J. Lane for Defendant and Appellant.

VALLÉE, J.—This action was commenced July 8, 1946. The complaint alleged that plaintiff, as lessee, is the owner of an oil lease covering 10 parcels of realty, each parcel in separate ownership. It named a number of defendants, including Guy N. Stafford as the owner of five lots. It alleged that in a prior action, No. 478480, against this plaintiff, among others, judgment had been entered on July 11, 1944, adjudging that the lease had been abandoned; that no service of process had been had on this plaintiff as a defendant in that action; and that the judgment was void. The complaint prayed, among other things, that the judgment in action No. 478480 be declared void. The complaint was verified by defendant Stafford as president of plaintiff corporation.

The default of Stafford was entered on August 23, 1946. On December 6, 1946, a stipulation was filed stipulating that the default of Stafford "is hereby vacated," and that he have time to plead. On the same day he filed an answer and a cross-complaint.

On December 12, 1946, Stafford, by the attorneys who appeared for the plaintiff, filed a document, also signed by Stafford, withdrawing his answer, dismissing his cross-complaint, and consenting that his default be entered.

The action, as between plaintiff and the remaining defendants, was tried on December 16, 1946.

On December 17, 1946, a minute order was made granting a motion of certain of the remaining defendants for a judgment of nonsuit.

On January 30, 1947, plaintiff, in writing, requested the clerk to enter a dismissal of the action as to defendant Stafford only. The request was signed by the attorneys for the plaintiff who were then the attorneys of record for Stafford.

On January 31, 1947, judgment was entered in favor of the defendants. The findings recite that the action had been dismissed as to defendant Stafford. The judgment recites "There being no appearance by or on behalf of defendant Guy N. Stafford; and the action having been dismissed as to him." The words "and the action having been dismissed as to him" were interlined by Judge Vickers who tried the case. Notice of entry of judgment was given to plaintiff on February 10, 1947. The judgment became final.

On October 11, 1948, Stafford filed a document substituting himself in propria persona in the place of the attorneys for the plaintiff, "who have heretofore appeared for him." The attorneys for the plaintiff agreed to the substitution.

On October 15, 1948, as "a party Aggrieved by the Proceeding and Judgment," Stafford gave notice of a motion to set aside the judgment on the ground that it was null and void. In an affidavit filed in support of the motion he stated that "as a matter of law, any judgment rendered in this action, without all indespensible [sic] parties to the action being before the Court, is Null and Void." Notice of hearing of the motion was given to all parties.

On November 10, 1948, the motion was denied. Notice of the ruling was given on November 15, 1948. Stafford did not appeal from the order.

On November 13, 1948, a stipulation was filed, signed by the attorneys for plaintiff only, stipulating that "the Dismissal of Defendant GUY N. STAFFORD, heretofore entered in this action" be vacated and set aside, and that he have 10 days to answer or otherwise plead. No order was made on the purported stipulation.

On November 29, 1948, Stafford filed an answer and a cross-complaint against certain codefendants only. The answer admitted the allegations of the complaint. No order preceded the filing of the cross-complaint. The answer was served on plaintiff. The cross-complaint was not served on any party.

On January 21, 1949, plaintiff gave notice of motions to set aside the findings of fact, conclusions of law and judgment on the ground that Stafford was an indispensable party and that he was not before the court when the judgment was rendered. The motions were denied on February 14 and April 11, 1949. The orders became final.

On January 28, 1949, Stafford gave notice of a motion to set aside the findings, conclusions of law and judgment on the ground, among others, that he was an indispensable party.

The motion was denied on February 14, 1949. Stafford did not appeal from the order.

On March 12, 1949, more than two years after entry of the judgment, Stafford moved for a new trial on the ground, among others, that he was an indispensable party. The motion was denied by the judge who tried the case.

On May 19, 1949, plaintiff filed a notice of motion for judgment on the pleadings as to defendant Stafford only. The motion was granted, and on June 1, 1949, judgment on the pleadings was entered in favor of plaintiff and against defendant Stafford only. The judgment declared the former judgment to be null and void as to Stafford and vacated it as to him, but granted plaintiff no other relief.

On June 20, 1949, Stafford filed an amended cross-complaint against certain codefendants only. No order preceded its filing.

On July 7, 1949, a motion of certain cross-defendants to strike the amended cross-complaint was denied for want of points and authorities.

On August 4, 1949, an order was made which reads: "Motion to strike answer and cross-complaint is granted as to cross-complaint and denied as to answer. On court's own motion, answer is stricken on ground answer was not properly filed. Motion to strike amended cross-complaint is granted."

On August 6, 1949, Stafford filed a notice of motion in which he asked the court "on its own motion" to strike the order of August 4. On August 11, 1949, this motion was denied.

There are several appeals which have been consolidated. Respondents have moved to dismiss all of them with the exception of an appeal by plaintiff from the judgment on the pleadings entered June 1, 1949. Consideration of the motion was deferred until decision on the merits.

On July 26, 1949, plaintiff filed a notice of appeal from the minute order entered December 17, 1946, granting the motion of certain defendants for judgment of nonsuit. This appeal must be dismissed since it was not taken within 60 days after entry of the order. (Rule 2(a), Rules on Appeal; *Estate of Hanley,* 23 Cal.2d 120, 123 [142 P.2d 423, 149 A.L.R. 1250]; *Shank* v. *Blackburn,* 61 Cal.App. 577, 581 [215 P. 559].)

On July 26, 1949, plaintiff filed a notice of appeal from

the judgment entered January 31, 1947. This appeal must be dismissed for the same reason.

On July 29, 1949, Stafford filed a notice of appeal from the minute order entered December 17, 1946, granting the motion of certain defendants for judgment of nonsuit and from the judgment entered January 31, 1947. This appeal must be dismissed for the same reason.

■ Plaintiff, within the time allowed, also appealed from the judgment entered June 1, 1949, granting its motion for judgment on the pleadings as against defendant Stafford. A party may not appeal from a judgment or order made in his favor. This appeal must be dismissed for that reason. (*Estate of Hughes*, 80 Cal.App.2d 550, 554 [182 P.2d 253]; *Cook* v. *Stewart McKee & Co.*, 68 Cal.App.2d 758, 762 [157 P.2d 868].)

■ On October 1, 1949, within the time allowed, Stafford, as cross-complainant, filed a notice of appeal from the order of August 4, 1949, striking his answer, cross-complaint, and amended cross-complaint, and from the order of August 11, 1949, denying his motion to set aside the order of August 4, 1949. The order of August 4 is appealable. (*Phelan* v. *Superior Court*, 35 Cal.2d 363, 370 [217 P.2d 951].) Stafford appears to have abandoned the appeal from the order of August 11.

■ On January 30, 1947, plaintiff filed with the clerk a written request for dismissal as to defendant Stafford. The judgment which was thereafter rendered says that the action had been dismissed as to him. It must be assumed, there being nothing in the record to the contrary, that all proceedings leading to the judgment were correctly pursued, and that the action was regularly dismissed against Stafford. (*Allen* v. *California Water & Tel. Co.*, 29 Cal.2d 466, 484, 485 [176 P.2d 8].) The action was then terminated as to Stafford.

■ The effect of the dismissal as to defendant Stafford was to prevent any subsequent proceedings in the cause as to him. He was thereafter a stranger to the action. The so-called stipulation of November 13, 1948, in which plaintiff purported to agree that the dismissal be vacated, was a nullity. It was not signed by Stafford. No order was ever made vacating the dismissal. Stafford was out of court. He could not thereafter file pleadings or seek any relief. (*Lori, Ltd.* v. *Wolfe*, 85 Cal.App.2d 54, 61 [192 P.2d 112].) He had no right to file the answer and cross-complaint filed November 29, 1948, or the amended cross-complaint filed June 20, 1949. (*Hinkel*

v. *Donohue,* 90 Cal. 389, 392 [27 P. 301].) The court therefore properly ordered the answer, cross-complaint and amended cross-complaint stricken from the files. (*Neal* v. *Bank of America,* 93 Cal.App.2d 678, 682 [209 P.2d 825].)

The theory upon which the court granted the motion of plaintiff for judgment on the pleadings as to defendant Stafford does not appear. Upon whatever theory it was granted, Stafford did not appeal from that judgment. The validity of the judgment in No. 478480 was upheld in *Sanders* v. *Howard Park Co.,* 86 Cal.App.2d 721 [195 P.2d 898], which was an appeal by plaintiff here from an order denying its motion to set it aside.

Stafford claims that he was an indispensable party, that the action is still pending, and that therefore he had a right to file his answer, cross-complaint, and amended cross-complaint. Assuming, without deciding, that he was an indispensable party, the claim is groundless. Stafford was a party defendant. Before trial he filed an answer and cross-complaint. Before trial he withdrew the answer and cross-complaint and consented that his default be entered. He appeared at the trial and was in frequent consultation with the attorney for the plaintiff. He did not appeal from the judgment within the time allowed. The judgment was appealable even though, as Stafford claims, it was void. (*Phelan* v. *Superior Court,* 35 Cal.2d 363, 366 [217 P.2d 951].) He did not move for entry of another or different judgment. He did not move for relief under section 473 of the Code of Civil Procedure. The judgment became final. Plaintiff's motion for a new trial was denied March 20, 1947. From that date until October 11, 1948, no proceeding whatsoever was had in the action. Stafford did not appeal from the order of November 10, 1948, denying his motion to set aside the judgment. He had a right to appeal therefrom. (*Phelan* v. *Superior Court,* 35 Cal.2d 363, 370 [217 P.2d 951]; *Greif* v. *Dullea,* 66 Cal.App.2d 986, 991-995 [153 P.2d 581].) He acquiesced in the judgment on the pleadings as to him. He did not appeal from the order of February 14, 1949, denying his motion to set aside the findings, conclusions of law, and judgment. He did not appeal from the orders of February 14 and April 11, 1949, denying the motions of plaintiff to set aside the findings, conclusions of law, and judgment. No other defendant (there were 15 other defendants) is complaining. Stafford is estopped from now questioning the efficacy of the original judgment by

answer or cross-complaint. (See *City of Los Angeles* v. *Cole*, 28 Cal.2d 509, 514 [170 P.2d 928].) "An indispensable party is not bound by a judgment in an action in which he was not joined." (*Greif* v. *Dullea*, 66 Cal.App.2d 986, 995 [153 P.2d 581].)

The appeals by plaintiff from the minute order entered December 17, 1946, granting a motion of certain defendants for judgment of nonsuit and from the judgment entered January 31, 1947, are, and each is, dismissed.

The appeal of defendant Stafford from the minute order entered December 17, 1946, granting a motion of certain defendants for judgment of nonsuit, and from the judgment entered January 31, 1947, is dismissed.

The appeal of plaintiff from the judgment entered June 1, 1949, granting its motion for judgment on the pleadings as against defendant Stafford is dismissed.

The appeal of defendant Stafford from the order of August 11, 1949, is dismissed.

The motion to dismiss the appeal of defendant Stafford from the order of August 4, 1949, is denied. The order of August 4, 1949, is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied November 13, 1950, and defendant and appellant's petition for a hearing by the Supreme Court was denied December 21, 1950.