[Civ. No. 19420. Second Dist., Div. Two. Apr. 14, 1953.]

GUY N. STAFFORD, Appellant, v. G. M. RUSSELL et al., Respondents.

Guy N. Stafford, in pro. per., for Appellant.

Lawrence L. Otis, Gilbert E. Harris, James F. Healey, Jr., Harold Arman, Vaughan, Brandlin & Wehrle, Warren J. Lane and J. R. Vaughan for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before the court without a jury in an action for

declaratory relief, an accounting, damages, and plea to quiet title to certain real property, plaintiff appeals.

The subject of this action is a parcel of land in Los Angeles County comprising 10 lots. Plaintiff, by reason of an alleged one-time ownership of one of the lots, contends that he is the successor to interests created under an oil lease executed in 1924 by the then owners of the lots. Defendants Mary Pratt Sanders, N. Louise Kimball, Joseph R. Vaughan, John and Anna Madsen, Bessie Weber, Lulu Reddish, Beatrice Achstetter and William and Catherine Van Beek are owners, part owners or one-time owners of one or more of the lots in question. Defendant Russell is an owner of an oil and gas lease executed and ratified by his codefendants and a producer of oil and gas from a well located on one of the lots.

The facts pertaining to the ownership of the lots and plaintiff's connection therewith are fully set forth in *Coburg Oil Co.* v. *Russell,* 100 Cal.App.2d 200, 201 et seq. [223 P.2d 305] (hearing denied by the Supreme Court).

In a prior action in which the lots here in question were involved (L. A. County Sup. Ct. No. 478480), title was quieted in Mary Pratt Sanders and others as against the Howard Park Company and Coburg Oil Company, in the latter of which, plaintiff herein, was the principal stockholder and guiding hand. The above litigation also included an appeal wherein the question of the validity of the judgment in the quiet title action was questioned. (*Sanders* v. *Howard Park Co.,* 86 Cal. App.2d 721 [195 P.2d 898].)

In the present case plaintiff reiterates the allegations of the previous two actions and raises the same questions that were previously raised in the prior actions where the rulings were adverse to him. Such adverse rulings are binding upon plaintiff herein and need not further be considered for the reason that though he was not a nominal party to the prior actions the Coburg Oil Company was, and plaintiff had a proprietary and financial interest in the judgment and controlled the Coburg Oil Company's conduct in the actions.

Therefore this rule is applicable: A person who is not a party to an action but who controls the action is bound by the judgment where he has a proprietary or financial interest in the judgment or in the determination of a question of fact or law with reference to the same subject matter or transaction. (*Dillard* v. *McKnight,* 34 Cal.2d 209, 216 [8] [209 P.2d 387, 11 A.L.R.2d 835].)

There is one question raised by plaintiff not decided in the actions mentioned above. It is:

*Did certain of the defendants waive their right to rely on the statute of limitations because after having demurred to the complaint, on the ground among others, that the statute of limitations had run, they stipulated to the withdrawal of the demurrers and filed answers in which they pleaded the statute of limitations as a bar to plaintiff's cause of action?*

This question must be answered in the negative. ▋ It is the rule in California that a defendant may, if a defect appears on the face of a complaint, set up the bar of the statute of limitations either by demurrer or by answer. His failure to urge it by way of demurrer does not deprive him of the right to rely on such defense in his answer. (*California Safe Deposit & Tr. Co.* v. *Sierra Etc. Co.*, 158 Cal. 690, 697 et seq. [112 P. 274, Ann.Cas. 1912A 729].)

All other contentions raised by plaintiff have been answered in the previous cases adversely to his claims, or are trivial, and unsupported by authorities, and must be disregarded under the provisions of article VI, section 4½ of the Constitution of California which provides in part, "No judgment shall be set aside . . . in any case on the ground of . . . the improper admission or rejection of evidence, or for any error as to any manner of pleadings or to any error as to any manner of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

In the instant case an examination of the record discloses not only that there has not been a miscarriage of justice but that plaintiff has over a period of years in various and sundry proceedings had full and fair trials before the trier of fact, whose findings and conclusions have been affirmed by the District Court of Appeal and the Supreme Court in each instance. It is a salutary rule that litigation should not be protracted indefinitely. In the present case no useful purpose would be served by further litigation between the parties involving the subject matter of the present action.

Affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied May 1, 1953, and appellant's petition for a hearing by the Supreme Court was denied June 11, 1953.