[Civ. No. 20536.   Second Dist. Div. One.   Nov. 17, 1954.]

GUY N. STAFFORD, Appellant, v. G. M. RUSSELL et al., Respondents.

Guy N. Stafford, in pro. per., for Appellant.

J. R. Vaughan, Lawrence L. Otis, Gilbert E. Harris, James F. Healey, Jr., and Harold Arman for Respondents.

THE COURT.—This is an appeal from an order denying appellant's motion to vacate a judgment, the purported grounds being that the original judgment was invalid, that it was in excess of jurisdiction, and that it was secured by extrinsic fraud.

We have given appropriate and sympathetic consideration to the presentation by appellant, despite its inexpertness, but are unable to find any merit to his contentions. He has failed to present any jurisdictional question or persuasive authority compelling any conclusion other than that the trial court properly denied the motion to vacate.

Appellant also appealed from a denial of his request for $2,500 for having been "illegally required to show cause why he should not be deemed in contempt of court." The trial court properly denied this request.

No useful purpose will be served by reciting the facts, since they are already incorporated in appellate decisions. (*Sanders* v. *Howard Park Co.*, 86 Cal.App.2d 721 [195 P.2d 898]; *Coburg Oil Co.* v. *Russell*, 100 Cal.App.2d 200 [223 P.2d 305]; *Stafford* v. *Russell*, 117 Cal.App.2d 319 [255 P.2d 872].)

The history of this litigation is a tribute to the unreasoning persistence of appellant. However, the more than 12 years during which title to real property and an oil lease executed on May 29, 1924, have occupied the time and attention of courts from the superior to the United States Supreme Court do not reflect favorably upon this appellant's respect for the sanctity of the judicial process. That he may sincerely believe himself aggrieved does not justify continued misuse of courts of law.

In *Sanders* v. *Howard Park Co., supra,* decided on July 13, 1948, the District Court of Appeal said (at p. 722) regarding the instant property: "Thus by two final judgments the issue involved herein had been adjudicated." A petition for rehearing was denied, and a petition for hearing in the Supreme Court was denied on September 8, 1948.

Next came *Coburg Oil Co.* v. *Russell, supra,* decided October 27, 1950, in which this appellant was also an appealing party. Held the court (at p. 205): "Stafford is estopped from now questioning the efficacy of the original judgment by answer or cross-complaint."

Undaunted, appellant next brought a new action for declaratory relief, accounting, damages and quiet title, which after unfavorable termination in the trial court, on appeal

became known as *Stafford* v. *Russell, supra,* decided April 14, 1953. There the court stated (at p. 320): "In the present case plaintiff reiterates the allegations of the previous two actions and raises the same questions that were previously raised in the prior actions where the rulings were adverse to him. Such adverse rulings are binding upon plaintiff herein and need not further be considered . . ." Continued the court (at p. 321), "In the instant case an examination of the record discloses not only that there has not been a miscarriage of justice but that plaintiff has over a period of years in various and sundry proceedings had full and fair trials before the trier of fact, whose findings and conclusions have been affirmed by the District Court of Appeal and the Supreme Court in each instance. It is a salutary rule that litigation should not be protracted indefinitely. In the present case no useful purpose would be served by further litigation between the parties involving the subject matter of the present action." A petition for rehearing was denied, and the Supreme Court denied a hearing.

In addition to the foregoing proceedings, this appellant pursued numerous other phantom remedies. In the superior court order of May 13, 1952, he had been restrained from asserting any claim to the property involved herein. Nevertheless on July 24, 1953, he brought an action in the United States District Court for substantially the same relief that had been denied him in the superior court. As a result an order to show cause *in re* contempt was heard on August 19, 1953, at which time this appellant was found guilty of contempt, the matter of sentence being continued to August 21, 1953. On the latter date, appellant dismissed his federal court action, and the superior court then obligingly terminated the contempt order. Nevertheless appellant sought a review of the contempt proceedings in the District Court of Appeal and in the Supreme Court, both denying it to him. Next he sought certiorari in the United States Supreme Court and this petition was summarily denied.

Then on March 25, 1954, appellant filed in the United States District Court a notice of motion to vacate and set aside his previous dismissal of the federal court action. This motion was denied on April 5, 1954. On April 23, 1954, a notice of motion to reconsider its denial of the motion to vacate was filed in the United States District Court; the settled statement on appeal does not reveal the result of that hearing, but we assume appellant remained unsatisfied.

There have also been petitions for writ of mandate, one filed with the District of Appeal as recently as June 14, 1954, and subsequently denied. This was followed by a petition for rehearing, and a petition for hearing in the Supreme Court, both of which were also denied.

This appellant has received the thoughtful and patient consideration of court after court over the years. He apparently intends to continue indefinitely this vexatious litigation. The fruitless harassment of respondents would be a sufficient evil to be condemned, but his conduct has now become a burdensome imposition upon the courts. The appeal being manifestly unmeritorious and frivolous, appellant is required to pay to respondent not only the usual and ordinary costs of appeal, but also a penalty in the sum of $100. (Rule 26, subd. (a), Rules on Appeal.)

The orders are affirmed.

A petition for a rehearing was denied December 7, 1954, and appellant's petition for a hearing by the Supreme Court was denied January 12, 1955.