[Civ. No. 17718.   Second Dist., Div. Three.   Nov. 26, 1954.]

COBURG OIL COMPANY (a Corporation), Plaintiff and Appellant, v. G. M. RUSSELL et al., Respondents; GUY N. STAFFORD, Defendant and Appellant.

Guy N. Stafford, in pro. per., for Appellant.

J. R. Vaughan, Lawrence L. Otis, Gilbert E. Harris, James F. Healey, Jr., and Harold Arman for Respondents.

SHINN, P. J.—Guy N. Stafford has moved the court to recall and correct the remittitur issued out of this court in *Coburg Oil Co. v. Russell; Guy N. Stafford, defendant and appellant,* Civil No. 17718, reported in 100 Cal.App.2d 200 [223 P.2d 305]. The transactions out of which the present action arose have been the subject of extended litigation, phases of which were considered on appeal in *Stafford* v. *Russell,* 117 Cal.App.2d 319 [255 P.2d 872], and *Sanders* v. *Howard Park Co.,* 86 Cal.App.2d 721 [195 P.2d 898].

In *Coburg,* this court affirmed an order striking out an answer and a cross-complaint of Guy N. Stafford in an action instituted by Coburg. The following material facts were before the court on that appeal and are for consideration on the present motion: Coburg (formerly Petroleum Development Company) brought an action, the ultimate purpose of which was to establish that it was the owner of a valid oil

lease executed in 1924 covering certain lots in a tract known as Athens in Los Angeles County. Stafford, as owner of five of the lots in question, was named as a defendant. He filed an answer and a cross-complaint. By stipulation the answer was withdrawn, the cross-complaint was dismissed, Stafford's default was entered and by direction of plaintiff's attorneys the action was dismissed as to him. The action was tried as to the remaining defendants and was decided in their favor. The judgment did not run against Stafford. There was no effective appeal from the judgment. Some two years later, upon the written consent of the attorneys for plaintiff and without order of court, Stafford filed another answer and a cross-complaint. These were stricken out on motion. Stafford appealed from this order. He contended that the action had not been dismissed as to him, that the judgment was void in that he was an indispensable party to the action and that the action was still pending. For these reasons he claimed it was error to strike out his answer and his cross-complaint. Upon this motion to recall the remittitur, he makes the same contentions.

The contention that the action was not dismissed as to Stafford was considered and was answered correctly on the former appeal. It was dismissed.

On the second point, with tireless persistence and vain argument, Stafford again insists that although the judgment in favor of the defendants and against Coburg did not run against him, it was void for the reason that he was an indispensable party and he therefore had a right to file another answer and cross-complaint after the rendition of the judgment. It was noted on the former appeal that the same contention had been rejected by the trial court, once on Coburg's motion to set aside the findings, conclusions and judgment, again on Stafford's motion, and a third time on Stafford's motion for a new trial, upon each of which motions it was contended that Stafford was an indispensable party. No appeal was taken from any of these orders. It was held on the former appeal, for reasons which were fully stated in the opinion, that the answer and cross-complaint were improperly filed and that Stafford was estopped from questioning the validity of the original judgment by the answer and cross-complaint which were stricken.

We are asked to recall the remittitur issued on the former appeal upon the ground that the trial court acted in excess of its jurisdiction in striking out the answer and cross-

complaint and that this court was without jurisdiction to affirm the allegedly void order. No good reason has been advanced for a departure from our former holdings. It has been repeatedly held in the trial court by orders which became final that Stafford was not entitled to have the judgment vacated upon the ground that he was an indispensable party. Presumably one of the reasons for denial of the motions was that by virtue of the dismissal of the action as to Stafford he became and remained a stranger to the action. This was a sufficient reason for our affirmance of the order. Irrespective of the efficacy of the judgment as to Stafford or as to those defendants against whom it ran, the trial court undoubtedly had jurisdiction to strike out Stafford's answer and cross-complaint. This court did not lack jurisdiction to affirm that order on the former appeal.

The motion to recall or correct remittitur is denied.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied December 17, 1954.