[Civ. No. 21126.   Second Dist., Div. Three.   Oct. 13, 1955.]

COBURG OIL COMPANY (a Corporation), Plaintiff v. G. M. RUSSELL et al., Respondents; GUY N. STAFFORD, Appellant.

Guy N. Stafford, in pro. per., for Appellant.

J. R. Vaughan and Gilbert E. Harris for Respondents.

SHINN, P. J.—The litigation in which proceedings were had in superior court in actions *Coburg Oil Co.* v. *Russell et al.,* and *Sanders* v. *Howard Park Co. et al.,* which were challenged by the appellants and are for review in separate appeals Numbers 21126 and 21127, arose out of conflicting claims between lessors and lessees who were parties to an oil lease executed by owners of lots in a subdivision known as Athens in Los Angeles County to one E. J. Miley in 1924. July 10, 1942, the lessors brought an action Number 478480 against certain individuals and corporations, one of them being Petroleum Development and Production Corporation, also known as Petroleum Development Company, which later became known as Coburg Oil Company. Guy N. Stafford

was the principal stockholder, the guiding hand and controlled Coburg Oil Company's conduct in the actions to be mentioned. The judgments and other proceedings in Coburg's litigation were binding upon him. (*Stafford* v. *Russell,* 117 Cal.App.2d 319 [255 P.2d 872].)

July 3, 1944, judgment was rendered in action Number 378480 declaring the oil lease to have been terminated, abandoned and forfeited and quieting the title of the lessors against the claimants under the lease. No appeal was taken from this judgment. July 8, 1946, Coburg Oil Company brought an action Number 516496 against certain lessors, against Guy N. Stafford who had acquired an interest in some of the property, and also naming as defendants G. M. Russell and wife to whom it was alleged the above named owners, other than Stafford, had entered into an oil lease dated August 24, 1944. It was sought in that action to have declared void the judgment in action Number 478480 and to require Russell to account to Coburg for any proceeds received from the property. The action was dismissed as to certain defendants, motions for nonsuit of other defendants were granted, the actions were dismissed as to them, and judgment was rendered in favor of Russell and wife. This judgment was of date January 30, 1947. The judgment did not run against Stafford, who had been dismissed from the action. The time for appeal expired without the taking of an appeal.

In September, 1947, Coburg moved to vacate the judgment in action Number 478480. The motion was denied and the order was affirmed on appeal. The judgment was held to be valid. (*Sanders* v. *Howard Park Co.,* 86 Cal.App.2d 721 [195 P.2d 898].)

Numerous proceedings were instituted by Stafford in action Number 516496 based upon the claimed invalidity of the judgment in Number 478480. Numerous appeals were taken by Stafford from orders that were adverse to him. These were considered by this court in *Coburg Oil Co.* v. *Russell,* 100 Cal.App.2d 200 [223 P.2d 305]. The attempted appeals of Coburg and Stafford from the judgment of January 31, 1947, which had held valid the judgment in Number 478480 were dismissed. Stafford was held estopped to question the validity of the judgment in Number 516496. One of the orders appealed from was affirmed. The purported appeals from the other orders were dismissed.

Stafford sued Russell and the lessors under the Russell lease, making the same contentions that he had made in two former

actions. Judgment was against him and it was affirmed on appeal. (*Stafford* v. *Russell*, 117 Cal.App.2d 319 [255 P.2d 872].) In May, 1954, Stafford made a motion to vacate the judgment in action No. 478480. The motion was denied and the order was affirmed on appeal. (*Stafford* v. *Russell*, 128 Cal.App.2d 794 [276 P.2d 41].)

On February 18, 1955, Stafford made a motion to vacate his dismissal from action Number 516496 (before us in Number 21126) ; to reinstate his pleadings and to grant leave to file new pleadings; to vacate minute order of December 16, 1946, granting a nonsuit as to certain defendants (and the ensuing judgment of January 31, 1947), and a judgment of June 1, 1949, in Number 516496, which recited that Coburg's motion for judgment on the pleadings against Stafford had been granted. Also the motion was to vacate a dismissal of an action numbered 496794.

Action Number 496794 was brought by Russell against Stafford and others to establish the validity of the Russell lease. Stafford filed an answer questioning the validity of the 1924 lease, the judgment in Number 478480 and the Russell lease of August, 1944. The issues raised by the answer were the same as those in action Number 516496. The action was dismissed on motion of some of the defendants for want of prosecution. Stafford did not appeal from the dismissal. The issues in Number 496794 were determined in No. 516496. There was manifestly no shadow of merit in the motion to vacate the dismissal.

All the other proceedings which were questioned by the motion in Number 516496 and are now under review have been determined against Stafford and Coburg time and time again in the trial courts and upon appeal. (*Coburg Oil Co.* v. *Russell*, 129 Cal.App.2d 214 [276 P.2d 637].)

The arguments made on the present appeal are but a repetition of those which the courts have considered on the former appeals. To reiterate the various holdings of the three divisions of this court on the former appeals would be a waste of time and effort.

Stafford's repeated efforts in the trial court and by his numerous appeals to relitigate issues that have been decided against him so often have been contumacious and inexcusable except upon the ground of ignorance (and Stafford is not ignorant), or the existence of an incurable litigation complex and an arrogant assumption of final success. Nevertheless,

his persistent assertion of claims that have been carefully considered and held untenable by many courts have rendered him an insufferable nuisance. He has been penalized for his frivolous appeals (128 Cal.App.2d 794) in the sum of $100, which, as we are informed, he has not paid. Respondents request that a further penalty be assessed on the present appeal. We are not disposed to do so vain a thing as to impose a penalty that will be ignored. We may observe, however, that it would seem to be in order for the trial courts to place Mr. Stafford under appropriate restraint and thus cause him to divert his energies into some profitable channels.

The orders are affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied October 27, 1955, and appellant's petition for a hearing by the Supreme Court was denied December 8, 1955.