[Crim. No. 6193. Second Dist., Div. Three. May 5, 1958.]

In re GUY N. STAFFORD, on Habeas Corpus.

Guy N. Stafford, in pro. per., for Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles), and Robert C. Lynch, Deputy County Counsel, for Respondent.

VALLÉE, J.—Proceeding in habeas corpus to determine the validity of orders of the superior court finding petitioner in contempt, sentencing him to the county jail, imposing fines, and directing that he be imprisoned until the fines are satisfied.

On May 13, 1952, a judgment was entered in an action in the Superior Court of Los Angeles County titled *Stafford* v.

*Russell, Number 568668,* which "perpetually enjoined, restrained, and debarred" petitioner "from making, asserting, claiming or demanding any estate, right, title or interest whatsoever by action, proceeding or in any other manner whatsoever adverse or hostile to" certain defendants named therein in or to certain described property or in or to the leasehold estate of G. M. Russell covering said property. The judgment became final.

On August 25, 1955, the People brought suit to condemn certain of the property described in the judgment in action 568668. The defendants in action 568668 were named parties defendants in the condemnation suit. Petitioner was not named as a party therein.

On June 4, 1956, petitioner filed an answer in the condemnation suit and also filed a cross-complaint against the defendants therein. The answer and cross-complaint asserted claims in and to the property sought to be condemned. They were ordered stricken from the files. On September 10, 1956, petitioner filed a notice of appeal from the order striking the cross-complaint. On September 19, 1956, he filed a "Notice of Election to Prosecute Appeal on a Settled Statement." On January 21, 1957, the notice was ordered stricken. On October 7, 1957, petitioner appeared at a pretrial conference in the condemnation suit and filed a memorandum wherein he urged a claim to the property and the oil and gas lease described in the injunction.

On November 13, 1957, petitioner was ordered to show cause why he should not be adjudged in contempt. One count charged the filing of the notice of appeal in the condemnation suit. Another charged the filing of the notice to proceed with the appeal on a settled statement. A third charged the appearance at the pretrial conference and the filing of the memorandum.

The court found petitioner in contempt on each of the three counts. As to each count the court imposed a fine of $500 and five days' imprisonment in the county jail; the imprisonment with respect to each of the three counts to run consecutively. The court ordered that in default of payment of the fines petitioner be imprisoned one day for each $5.00 of the fines not paid. Petitioner has served the five days' imprisonment and paid the fine imposed as to Count I.

■ The function of a petition for a writ of habeas corpus is to secure the issuance of the writ; and when the writ is issued, the petition has accomplished its purpose and becomes

*functus officio.* The writ requires a return by the officer or other person having custody of the person claimed to be unlawfully detained. The return is to the writ, not to the petition. To the return the petitioner may present exceptions raising questions of law, or a traverse raising issues of fact, or both. As a rule the parties stipulate at the hearing that the petition be treated as a traverse to the return.

 When the return sets forth process which on its face shows good ground for holding the person, such process being produced at the hearing (Pen. Code, § 1480), and the traverse alleges matter tending to invalidate the apparent effect of the process, the burden of proving such new matter is on the petitioner. (*In re Collins*, 151 Cal. 340, 342 [90 P. 827, 91 P. 397, 129 Am.St.Rep. 122] ; *In re Egan*, 24 Cal.2d 323, 330 [149 P.2d 693].) In the present case petitioner did not present any exceptions raising questions of law nor did he file a traverse to the return; nor did the parties stipulate that the petition be treated as a traverse. However, at the argument the parties treated the matter as if the petition was a traverse to the return and we shall do the same. (*In re Silverstein*, 52 Cal.App.2d 725 [126 P.2d 962].)

 The first question is: Was petitioner guilty of more than one contempt? He asserts he was not.

 ''Where separate contemptuous acts are committed, the contemner can be fined for each offense in the amount authorized by the code. [Citations.] Petitioners contend that they were not guilty of separate contemptuous acts, but rather of a single course of conduct for which but one $500 fine could be imposed. However, the trial court could properly consider the several acts of the petitioners—in renting apartments to persons other than members of their own family, in failing to remove apartments from the main structure and to reconvert the same to a single-family dwelling, and in failing to remove the apartments from the garage— as separate contemptuous acts. [Citations.] Each set, or failure to act, considered alone could be the basis for a contempt proceeding.'' (*Donovan* v. *Superior Court*, 39 Cal.2d 848, 855 [250 P.2d 246].)

 Every separate act of disobedience of the injunction was a separate contempt. (*Golden Gate Consol. H. Min. Co.* v. *Superior Court*, 65 Cal. 187 [3 P. 628], discharging mining debris into a stream on three separate occasions in violation of an injunction—three separate contempts; *Ex parte Stice*, 70 Cal. 51 [11 P. 459], refusal to be sworn as a witness in a

criminal action on February 27 and again on March 1, 1886—two separate contempts; *Solano Aquatic Club* v. *Superior Court,* 165 Cal. 278 [131 P. 874], operating a ferry service on three separate days in violation of a temporary restraining order—three separate contempts; *Blodgett* v. *Superior Court,* 210 Cal. 1 [290 P. 293, 72 A.L.R. 482], filing a contemptuous affidavit, citation for contempt therefor, sending scandalous letter to judge before citation heard and producing same in open court at contempt hearing—two separate contempts; *In re Shuler,* 210 Cal. 377 [292 P. 481], broadcasts on four days—each broadcast a separate contempt for which the punishment could run consecutively; *Hume* v. *Superior Court,* 17 Cal.2d 506 [110 P.2d 669], filing a complaint in an action on June 5, 1940, filing amended complaint and an affidavit on June 8, 1940 all in the same action—three separate contempts; *Lindsley* v. *Superior Court,* 76 Cal.App. 419 [245 P. 212], publication of newspaper articles containing contumacious matter on four different days—each publication a separate contempt.)

In his answer to the order to show cause petitioner alleged that the judgment in which the injunction was granted is void on its face for lack of jurisdiction. The only facts alleged in support of this conclusion were that the injunctive judgment was without evidentiary support. A judgment is not void for lack of jurisdiction because it lacks evidentiary support. Petitioner appealed from the injunctive judgment and it was affirmed. (*Stafford* v. *Russell,* 117 Cal.App.2d 319 [255 P.2d 872].) It is conclusive on the question whether it has evidentiary support. Aside from that question there is nothing in the record in the action in which the injunction was granted showing that the judgment is void on any ground. On the contrary, as the court in the contempt proceeding found, it is a valid, final judgment in full force. It has been repeatedly so held.

On the appeal from the injunctive judgment (*Stafford* v. *Russell,* 117 Cal.App.2d 319) it was said (p. 320):

"In the present case plaintiff reiterates the allegations of the previous two actions and raises the same questions that were previously raised in the prior actions where the rulings were adverse to him. Such adverse rulings are binding upon plaintiff herein and need not further be considered for the reason that though he was not a nominal party to the prior actions the Coburg Oil Company was, and plaintiff had a

proprietary and financial interest in the judgment and controlled the Coburg Oil Company's conduct in the actions. . . .

"[P. 321] In the instant case an examination of the record discloses not only that there has not been a miscarriage of justice but that plaintiff has over a period of years in various and sundry proceedings had full and fair trials before the trier of fact, whose findings and conclusions have been affirmed by the District Court of Appeal and the Supreme Court in each instance. It is a salutary rule that litigation should not be protracted indefinitely. In the present case no useful purpose would be served by further litigation between the parties involving the subject matter of the present action."

In *Stafford* v. *Russell*, 128 Cal.App.2d 794 [276 P.2d 41], this court stated (p. 797):

"This appellant has received the thoughtful and patient consideration of court after court over the years. He apparently intends to continue indefinitely this vexatious litigation. The fruitless harassment of respondents would be a sufficient evil to be condemned, but his conduct has now become a burdensome imposition upon the courts. The appeal being manifestly unmeritorious and frivolous, appellant is required to pay to respondent not only the usual and ordinary costs of appeal, but also a penalty in the sum of $100."

And in *Coburg Oil Co.* v. *Russell*, 136 Cal.App.2d 165 [288 P.2d 305], we said (p. 167):

"Stafford's repeated efforts in the trial court and by his numerous appeals to relitigate issues that have been decided against him so often have been contumacious and inexcusable except upon the ground of ignorance (and Stafford is not ignorant), or the existence of an incurable litigation complex and an arrogant assumption of final success. Nevertheless, his persistent assertion of claims that have been carefully considered and held untenable by many courts have rendered him an insufferable nuisance. He has been penalized for his frivolous appeals (128 Cal.App.2d 794) in the sum of $100, which, as we are informed, he has not paid. Respondents request that a further penalty be assessed on the present appeal. We are not disposed to do so vain a thing as to impose a penalty that will be ignored. We may observe, however, that it would seem to be in order for the trial courts to place Mr. Stafford under appropriate restraint and thus cause him to divert his energies into some profitable channels." (Also see *Coburg Oil Co.* v. *Russell*, 129 Cal.App.2d 214 [276 P.2d 637], and *Stafford* v. *Russell*, 9 Cir., 220 F.2d 853.)

■ Other grounds urged by petitioner go to the merits of the action in which the injunction issued. Habeas corpus is not available to raise such questions. (*In re Dixon*, 41 Cal. 2d 756, 760 [264 P.2d 513]; *In re Oxman*, 100 Cal.App.2d 148, 151 [223 P.2d 66].)

■ In a proceeding in habeas corpus to review a judgment of contempt the burden is on the petitioner to establish the necessary grounds for his release, and the presumption of regularity in support of the judgment prevails in the absence of evidence to the contrary. (*In re Oxman*, 100 Cal.App.2d 148, 150-151 [223 P.2d 66].) Petitioner has failed to sustain that burden.

■ While from the record the punishment imposed appears to be extremely severe, the trial court had jurisdiction to impose a fine not exceeding $500 and to adjudge that petitioner be imprisoned not exceeding five days for each contemptuous act. As the court did not impose a fine in excess of that amount or adjudge that he be imprisoned in excess of that time for any such act, we cannot hold the aggregate amount of the fines and the sentences imposed on petitioner to be excessive. (*Lindsley* v. *Superior Court, supra,* 76 Cal.App. 419, 433-434.)

The writ is discharged and petitioner is remanded to custody.

Shinn, P. J., and Patrosso, J. pro tem.,* concurred.

A petition for a rehearing was denied May 27, 1958.

---

*Assigned by Chairman of Judicial Council.