**Guy N. STAFFORD, Appellant,**

v.

**SUPERIOR COURT OF State of CALIFORNIA, IN AND FOR COUNTY OF LOS ANGELES; Eugene W. Biscailuz, as sheriff of Los Angeles County, Appellees.**

**No. 16439.**

United States Court of Appeals
Ninth Circuit.

Oct. 26, 1959.

---

1. The Commission has never refused to grant a renewal of a license once it has been granted.

Guy N. Stafford, in pro. per.

Harold W. Kennedy, County Counsel, Edward A. Nugent, Deputy County Counsel, County of Los Angeles, Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY, and JERTBERG, Circuit Judges.

PER CURIAM.

Plaintiff, Guy N. Stafford, appeals from a judgment dismissing this action without prejudice. The action was dismissed for lack of jurisdiction. The motion to dismiss, however, was based on the additional grounds that the amended complaint fails to state a claim upon which relief can be granted, and that the question sought to be litigated is res judicata.

The defendants named in the original complaint were the Superior Court of the State of California, in and for the County of Los Angeles, and Eugene W. Biscailuz, as sheriff of Los Angeles County. In a motion filed subsequent to the filing of his amended complaint, Stafford sought leave to add several additional parties defendant, including Louis F. Burke, presiding judge of the Superior Court of Los Angeles County, as representing all of the judges of that court.

In the first of six causes of action set out in the amended complaint, Stafford asked for a judicial declaration establishing that the allegations of that cause of action are true. The allegations thus

sought to be confirmed pertain to litigation in the state courts of California extending over several years. This litigation relates to a claim long asserted by Stafford that he is the successor to interests created under an oil lease executed in 1924. His claims were consistently rejected by the courts.

In one such action he was finally enjoined from asserting any such right or interest in any subsequent court action or other proceeding. Stafford v. Russell, La.Co.Sup.Ct. No. 568668, May 13, 1952; affirmed 117 Cal.App.2d 319, 255 P.2d 872. He persisted in these efforts and was adjudged in contempt of court. There then ensued habeas corpus proceedings in which the contempt penalty was upheld. Application of Stafford, 160 Cal.App.2d 110, 324 P.2d 967, certiorari denied 358 U.S. 913, 79 S.Ct. 242, 3 L.Ed. 2d 233.

In the forty-six paragraphs of the first cause of action, in which the history of this litigation is recited, Stafford alleges that there were errors of fact and law which rendered these judgments void. It is alleged that in specified instances the court countenanced improper pleading, erroneously received or excluded evidence, unduly restricted cross-examination, misapplied the law relating to the statute of limitations and res judicata, and held against Stafford on insufficient evidence. It is further alleged in effect that by reason of these errors Stafford was denied his rights under the Constitution and laws of the United States. These are the allegations which in his first cause of action Stafford asks to have confirmed by judicial declaration.

In his other causes of action, all based in part upon the allegations of the first cause of action, Stafford seeks $250,000 damages against the defendants named in one of the prior suits; $100,000 exemplary damages against two defendants; injunctions; and a writ of habeas corpus.

Diversity of citizenship was not alleged. Jurisdiction in the district court was asserted under 28 U.S.C.A. § 1331 (federal question); 28 U.S.C.A. § 1343 (3) and 42 U.S.C.A. §§ 1983 and 1985 (civil rights); 28 U.S.C.A. § 1651 (all writs); and 28 U.S.C.A. § 2201 (declaratory judgments).

The allegations of the amended complaint do not establish federal question jurisdiction or state a cause of action under 28 U.S.C.A. § 1331. Constitutional questions inherent in state court adjudications are to be determined therein and are not subject to collateral review in a federal court under section 1331. Givens v. Moll, 5 Cir., 177 F.2d 765.

Nor do the allegations of the amended complaint establish civil rights jurisdiction or state a cause of action under 28 U.S.C.A. § 1343(3) and 42 U.S.C.A. §§ 1983 and 1985. For the most part, the acts complained of, as alleged in the amended complaint, pertain only to asserted state trial court errors of fact and law. In so far as conspiracies between individual defendants are alleged, they are not of a kind which is covered by the Civil Rights Act. Agnew v. City of Compton, 9 Cir., 239 F.2d 226.

The Declaratory Judgment Act, 28 U.S.C.A. § 2201, does not confer jurisdiction where none otherwise exists. Longview Tugboat Co. v. Jameson, 9 Cir., 218 F.2d 547. The All Writs Act, 28 U.S.C.A. § 1651, does not operate to confer jurisdiction here, since it may be invoked by a district court only in aid of jurisdiction which it already has. Shimola v. Local Board No. 42 for Cuyahoga County, D.C., 40 F.Supp. 808.

Affirmed.