[Civ. No. 26043. Second Dist., Div. Four. Mar. 23, 1962.]

GUY N. STAFFORD, Plaintiff and Appellant, v. G. M. RUSSELL et al., Defendants and Respondents.

Guy N. Stafford, in pro. per., for Plaintiff and Appellant.

Vaughan, Brandlin, Baggot, Robinson & Roemer and Richard I. Roemer for Defendants and Respondents.

BALTHIS, J.—This litigation has a long history which is rather fully recorded in previous appellate decisions. From the number of actions, proceedings and motions filed and appeals taken, it is apparent that plaintiff Stafford, who is the appellant here appearing in propria persona, believes firmly in a policy of "interminable litigation." This is a clear example of "vexatious litigation" and to say it has imposed an unreasonable burden upon the courts and our system of administration of justice is putting it most mildly.

The original action in this case for declaratory relief, an accounting, damages and to quiet title, was filed by Mr. Stafford in 1949. After a trial by the court sitting without a jury, judgment for the defendants was entered May 13, 1952. This judgment has been affirmed on appeal many times. (*Stafford* v. *Russell*, 117 Cal.App.2d 319 [255 P.2d 872];

*Stafford* v. *Russell,* 128 Cal.App.2d 794 [276 P.2d 41] ; *Coburg Oil Co.* v. *Russell,* 136 Cal.App.2d 165 [288 P.2d 305].)[1]

Although the point has been specifically ruled upon in the prior appellate decisions, Mr. Stafford still raises on this appeal the contention that the original judgment entered in 1952 is void. This point is without merit and we hold that the judgment entered May 13, 1952, in this action is a valid and final judgment. In this connection we agree with the statement made by the court in *Coburg Oil Co.* v. *Russell,* 136 Cal. App.2d 165, 167-168 [288 P.2d 305], as follows :

''Stafford's repeated efforts in the trial court and by his numerous appeals to relitigate issues that have been decided against him so often have been contumacious and inexcusable except upon the ground of ignorance (and Stafford is not ignorant), or the existence of an incurable litigation complex and an arrogant assumption of final success. Nevertheless, his persistent assertion of claims that have been carefully considered and held untenable by many courts have rendered him an insufferable nuisance.''

Another phase of the litigation is involved in the contempt proceedings before the trial court. The original judgment contained certain injunctive provisions and these were violated by Mr. Stafford. After a hearing held December 2, 1957, before the Honorable Bayard Rhone, Judge of the Superior Court of Los Angeles County, a judgment and order was made by Judge Rhone on February 14, 1958, adjudging Guy N. Stafford guilty of contempt of court, sentencing him to the county jail and imposing a fine. In a proceeding in habeas corpus, the judgment and order of the superior court was upheld as valid (*In re Stafford,* 160 Cal.App.2d 110 [324 P.2d 967]). Thereafter, Judge Rhone issued an order directing Stafford to show cause why he should not complete his sentence and pay the balance of the fine for contempt.

Prior to the hearing before Judge Rhone on October 31, 1960, Stafford filed an application and affidavit under section 170.6, Code of Civil Procedure, to disqualify Judge Rhone from hearing the matter. At the hearing on October 31, 1960,

---

[1]The same related issues are involved and have been decided in *Sanders* v. *Howard Park Co.,* 86 Cal.App.2d 721 [195 P.2d 898]; *Coburg Oil Co.* v. *Russell,* 100 Cal.App.2d 200 [223 P.2d 305]; *Coburg Oil Co.* v. *Russell,* 129 Cal.App.2d 214 [276 P.2d 637]; *Sanders* v. *Howard Park Co.,* 136 Cal.App.2d 917 [288 P.2d 308]; *Stafford* v. *Russell* (9 Cir.) 220 F.2d 853; *In re Stafford,* 160 Cal.App.2d 110 [324 P.2d 967]; *Stafford* v. *Superior Court,* 272 F.2d 407 (cert. den., 362 U.S. 979 [80 S.Ct. 1064, 4 L.Ed.2d 1013]).

Judge Rhone denied the application for disqualification and made the order that Stafford serve the balance of the jail sentence and pay the balance of the fine. Stafford appeals from this order.

Another motion was subsequently filed by Stafford to vacate and set aside the October 31, 1960, order and the hearing on this motion was set for February 15, 1961. Another application to disqualify Judge Rhone under section 170.6 of the Code of Civil Procedure was made prior to the hearing.

At the hearing before Judge Rhone on February 15, 1961, the application to disqualify and the motion to vacate and set aside the previous order of October 31, 1960, were both denied; Stafford appeals also from this order of February 15, 1961.

The only other question raised on the appeal is the correctness of the order made by the trial court in denying both applications made by Stafford to disqualify Judge Rhone under section 170.6 of the Code of Civil Procedure. The order to show cause hearing on October 31, 1960, was obviously a continuation of the hearing on contempt and was supplemental in that it was sought to carry out the original judgment and order of contempt made February 14, 1958. The application to disqualify the judge who heard the original contempt matter was not timely made. Likewise, the second application to disqualify Judge Rhone, on the hearing of a motion to vacate the previous order, was not timely made.

In a supplemental or continued hearing on matters involved in the original proceeding, an application under section 170.6 for disqualification of the same judge who heard the original proceeding is not proper or timely and is not permitted under the section. In *Jacobs v. Superior Court*, 53 Cal.2d 187 [1 Cal.Rptr. 9, 347 P.2d 9], the court states the rule (p. 191):

''If a disqualification were permitted under section 170.6 in matters which are continuations of a prior proceeding, it would mean that the judge who tried the case, and who is ordinarily in the best position to pass upon the questions involved, could by a mere general allegation of prejudice, and without any judicial determination of the facts, be disqualified from hearing such matters as motions for modification of a support order or an injunction, as well as motions for change of custody of children. Such procedure would make it possible for litigants to gamble on obtaining a favorable decision

from one judge, and then, if confronted with an adverse judgment, allow them to disqualify him without presenting facts showing prejudice, in the hope of securing a different ruling from another judge in supplementary proceedings involving substantially the same issues." (As to a contempt matter and the denial of an application under § 170.6, see *Michaels* v. *Superior Court,* 184 Cal.App.2d 820 [7 Cal.Rptr. 858].)

In disposing of these appeals and in affirming the orders made by the trial court, we make two suggestions: (1) any legislative or state bar committee or law revision commission studying the matter of "vexatious litigation" and the unreasonable burdens placed upon the courts might well study the litigation involved here, and (2) the trial courts should be alert to an abuse of our judicial system and should take firm action by punishing for contempt as was done in this case. In concluding, we note with agreement the pertinent observation of Mr. Presiding Justice Shinn in *Coburg Oil Co.* v. *Russell,* 136 Cal.App.2d 165, 168 [288 P.2d 305]: "We may observe . . . that it would seem to be in order for the trial courts to place Mr. Stafford under appropriate restraint and thus cause him to divert his energies into some profitable channels."

The orders are affirmed.

Burke, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied April 9, 1962, and appellant's petition for a hearing by the Supreme Court was denied May 16, 1962.