**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**WOOLCO DEPARTMENT STORE, a division of F. W. Woolworth Co., Defendant.**

**Civ. A. No. 70–2951.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

Jan. 5, 1971.

812

Lutz Alexander Prager, E. E. O. C., Washington, D. C., Charles H. White, E. E. O. C., New Orleans, La., for plaintiff.

Kenneth W. Greenawalt, Christopher J. Hoey, Davies, Hardy, Ives & Lawther, New York City, David McComb, Chaffe, McCall, Phillips, Burke, Toler & Sarpy, New Orleans, La., for defendant.

CASSIBRY, District Judge:

Plaintiff, the Equal Employment Opportunity Commission, brought suit in this court on October 15, 1970, alleging that defendant, Woolco Department Store, had arbitrarily discharged its employee, Mr. Linsy R. Bell, in apparent retaliation for his having filed a charge with the Commission, and also that two other employees of the defendant refused to sign affidavits or testify at any of the Commission's hearings for fear of reprisal. Injunctive relief was sought,

(1) enjoining defendant from discriminating against any of its employees because such employee opposed any discriminatory employment practice, or had filed a charge of discrimination, or proposed to testify or participate in an investigation, proceeding or hearing under Title VII;

(2) ordering the defendant to communicate to its employees that it will not engage in such discriminatory acts;

(3) ordering defendant to reinstate Mr. Bell pending the determination of his charges, with all benefits, wages, and privileges to which he was entitled as of the date of his discharge.

Defendant moved to dismiss the action for lack of jurisdiction of this court over the subject matter, and because the plaintiff does not have standing to bring the action. Hearing on this motion was held on November 12, 1970.

The complaint asserts that jurisdiction is based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the All Writs Act, 28 U.S.C. § 1651(a); and 28 U.S.C. § 1337, relating to "Commerce and Anti-Trust Regulations."

■ Title VII provides that the district court shall have jurisdiction over the following actions: actions brought by persons claiming to be aggrieved by the alleged unlawful employment practice and who have complied with the prescribed procedures, and actions brought by the Attorney General against persons engaging in a pattern or practice of resistance to the full enjoyment of any rights secured by Title VII. This action is not brought by an aggrieved party nor by the Attorney General and therefore jurisdiction does not lie under Title VII.

■ The EEOC is established as an administrative agency, having the right and authority to make investigations, subpoena witnesses and records and attempt to resolve employment disputes by conciliation, conference and persuasion. Unlike many other governmental agencies it is not empowered to enforce the Act it was established to administer. Pettway v. American Cast Iron Pipe Company, 411 F.2d 998 (5th Cir. 1969); Hutchings v. U. S. Industries, 428 F.2d 303 (5th Cir. 1970). The only proceedings which the Commission is authorized to bring in the district court are those specifically set out in the Act. These relate principally to enlisting the aid of the court in compelling cooperation with the Commission's discovery procedures. See §§ 706(e), 710(c) and (d).

The EEOC concedes that Title VII does not explicitly give it authority to bring this suit, but contends that its authority is derived from the inherent right and power which a governmental agency has to protect itself and its jurisdiction. More specifically it says that since its task is to process charges, and since people will not bring charges if they fear retaliation, when confronted with apparent retaliation against a charging party, the commission must necessarily seek injunctive relief; if it cannot do this its power is nil. The EEOC also argues that retaliation against a charging party jeopardizes the court's jurisdiction as well, and that under the All Writs Act the court has jurisdiction to issue such orders as may be necessary to protect its own jurisdiction.

To acknowledge EEOC as a proper party plaintiff in this suit would greatly extend rather than merely protect the jurisdiction given it by statute. It would alter the basic nature and function of the Commission from that of an agency for investigation, conciliation and assistance to one for enforcement. This is contrary to the clear language of Title VII which created the Commission. Such a basic change in the nature and function of an agency must be made by Congress if it is to be made at all. Protection of the Commission's jurisdiction is provided for in the Act itself, in the procedure it establishes for compelling discovery and in its authorization of suit by the Attorney General where there appears to be a "pattern or practice" of violation.

■ The All Writs Act does not confer jurisdiction in this case. It is well settled that this Act does not operate to confer jurisdiction where none otherwise existed; it may be invoked by the court only in aid of jurisdiction which it already has. See Benson v. State Board of Parole and Probation, 384 F.2d 238 (9th Cir. 1967); Stafford v. Superior Court of California, 272 F. 2d 407 (9th Cir. 1959); Dodge v. Nakai, 298 F.Supp. 17 (D.C., 1968); United States ex rel. Rollingson v. Blackfeet Tribal Court, 244 F.Supp. 474 (D.C., 1965). The court cannot issue writs to protect a non-existent jurisdiction.

■ The Commerce and Anti-Trust Regulations of § 1337 are likewise inapplicable here. Although the Civil Rights Act of 1964 was enacted pursuant to the Commerce Clause of the Constitution, it specifically provides for the manner in

which its remedies are to be effectuated. The more general provisions of § 1337 cannot override it.

Plaintiff relies principally on Federal Trade Commission v. Dean Foods Co., 384 U.S. 597, 86 S.Ct. 1738, 16 L.Ed.2d 802 (1966). At first blush this case appears to support plaintiff's position. The court there held that the Federal Court of Appeals had the authority under the All Writs Act to issue an injunction to preserve the court's jurisdiction or to maintain the status quo pending review of an agency's action through statutory channels, and also that the Federal Trade Commission had standing to institute the action by reason of ancillary powers essential to the effective discharge of the Commission's responsibilities. However, *Dean* is distinguishable from the present case chiefly in that it is the Clayton Act rather than the Civil Rights Act which was involved there. The provisions of the Acts are different and the nature and function of the Commissions which administer them are different. The Federal Trade Commission which administers the Clayton Act is an agency for enforcement, empowered to issue final orders or complaints declaring an activity to be in violation of the law; these orders are subject to review by the Federal Court of Appeals. Thus the Commission's power to seek injunction is ancillary to its power to issue orders and therefore to defend those orders; the court's power to issue injunction is ancillary to its power to review such orders.

In the present case, the EEOC is not empowered to issue final orders, but only to investigate and to recommend; the court has no power to review; the cases brought to it are *de novo*. Pettway v. American Cast Iron Pipe Company, *supra*; Hutchings v. U. S. Industries, *supra*. Thus there is no existing jurisdiction to support an ancillary power.

Plaintiff also cites many other cases in support of its position. Each of these is distinguishable from this case and none of them persuade me that this court should do, by judicial fiat, what Congress has clearly left undone.[1]

For these reasons it is ordered that defendant's motion to dismiss be, and the same is hereby, granted.

---

1. There is presently pending before Congress the Equal Employment Opportunities Enforcement Bill, which would give the Commission the authority to bring this kind of an action.