## Burns Unemployment Compensation Case.

Argued March 15, 1949. Before HIRT, RENO, DITH-RICH, ARNOLD and FINE, JJ. (RHODES, P. J. and ROSS, J., absent).

*Jesse P. Long,* with him *Samuel Krimsly, Joseph M. Loughran, Anthony Cavalcante* and *James Hall Prothero,* for claimant, appellant.

*Richard H. Wagner,* with him *William L. Hammond,* Special Deputy Attorney General, and *T. McKeen Chidsey,* Attorney General, for appellee.

*Frank G. Smith,* with him *Robert V. Maine, Frank A. Whitsett, Robert I. Reed* and *Smith, Maine & Whitsett,* for employer, intervenor.

PER CURIAM, April 14, 1949:

Appellant was employed as a motorman at the Kramer Mine of the Northwestern Mining and Exchange Company of Erie, Pennsylvania, at Stump Creek, Pennsylvania. He was a member of Local Union No. 99, United Mine Workers of America, and was unemployed during the mine supervisors' strike of September-October, 1945.

In *Prentice Unemployment Compensation Case,* 161 Pa. Superior Ct. 630, 56 A. 2d 295, a test case growing out of the stoppage of work by the rank and file coal miners during the supervisors' strike, we held, page 639: "By making them [his union officials] his agents he shared in the responsibility for the strike, which brought about his unemployment, thereby ren-

dering it voluntary within the meaning of Section 402 (d), supra. Notwithstanding his personal willingness to work and the fact that he would have done so had work been available, his unemployment was voluntary because he voluntarily joined the union and adhered to its principles and obeyed the orders of its officials."

All of the matters sought to be litigated here were litigated in the *Prentice* case, and the decision and judgment in that case preclude appellant, even though he be considered not to have been a party to that proceeding, from again litigating the question. Restatement, Judgments, § 84; Freeman, Judgments, 5th Ed., § 430; Black, Judgments, 2d Ed., § 537.

In the revised decision and order of the Unemployment Compensation Board of Review entered May 24, 1948, following our decision in the *Prentice* case, as required by §512, Unemployment Compensation Law, 43 PS § 832, it appears that: "All of the claims [including the claim of Samuel R. Burns] filed in these cases were for weeks of unemployment during the so-called supervisors' strike in the bituminous coal industry which extended from on or about September 22 to on or about October 22, 1945. . . . The material facts in these cases are set forth in our decision In Re Claim of James Prentice, dated January 23, 1947, and affirmed by the Superior Court of Pennsylvania . . . All of the claims are, therefore, subject to the disqualification provided in Section 402 (d) of the law." It is from that order that this appeal is taken.

Appellant argues that the constitutional questions involved in this appeal were not involved in the *Prentice* appeal. But in the petition for an allocatur in that case, submitted by the same attorneys, constitutional issues under both the Federal and State Constitutions were raised. As stated in *Commonwealth v. Gardner*, 297 Pa. 498, 500, 147 A. 527: "When passing on an application

such as the one now before us, we do not consider the merits of constitutional questions alleged to be involved, but we do look to see whether (1) that which is asserted to be a constitutional question is such, and (2), *if it is, whether the point raised is really involved in the case.*" (Emphasis added.)

No constitutional question is "really involved" in this appeal.

Without further elaboration, our opinion is that all matters here sought to be litigated have been litigated in the *Prentice* case, by which this case is squarely ruled.

Decision affirmed.