[Civ. No. 30015.   Second Dist., Div. Four.   Dec. 23, 1965.]

GUY N. STAFFORD, Plaintiff and Appellant, v. STATE OF CALIFORNIA et al., Defendants and Respondents.

Guy N. Stafford, in pro. per., for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Sanford N. Gruskin, Deputy Attorney General, for Defendants and Respondents.

KINGSLEY, J.—This is the latest chapter in a series of cases, commencing in 1942, and involving plaintiff's alleged interest in certain real property and in an oil and gas lease thereon. (*People* ex rel. *Dept. of Public Works* v. *Ashby* (1958) 161 Cal.App.2d 33 [325 P.2d 1009]; *In re Stafford* (1958) 160 Cal.App.2d 110 [324 P.2d 967]; *Coburg Oil Co.* v. *Russell* (1955) 136 Cal.App.2d 165 [288 P.2d 305]; *Coburg Oil Co.* v. *Russell* (1954) 129 Cal.App.2d 214 [276 P.2d 637]; *Stafford* v. *Russell* (1954) 128 Cal.App.2d 794 [276 P.2d 41]; *Stafford* v. *Russell* (1953) 117 Cal.App.2d 319 [255 P.2d 872]; *Coburg Oil Co.* v. *Russell* (1950) 100 Cal. App.2d 200 [223 P.2d 305]; *Sanders* v. *Howard Park Co.* (1948) 86 Cal.App.2d 721 [195 P.2d 898]; *Stafford* v. *Russell* (1955) 220 F.2d 853.)

■ It is the contention of plaintiff that a judgment against him, which was involved in one of those cases (*Stafford* v. *Russell* (1953) 117 Cal.App.2d 319 [255 P.2d 872]), was void and, therefore, that the affirmance on appeal was also void. He alleges, in the instant action, that defendants Fox and Herndon, as Justices of the District Court of Appeal, Second Appellate District, negligently and improperly denied his motion, made on those grounds, to recall the remittitur issued in the case last cited. He seeks declaratory relief, mandatory relief, and damages. A demurrer was sustained without leave to amend and he has appealed. Respondents have moved to dismiss the appeal as frivolous. We grant the motion.

The claim for declaratory relief fails for two reasons. In the first case, the exact point here raised was in issue, was discussed, and was decided adversely to plaintiff, in the series of cases above cited. It has long since become res judicata. In the second place, an action attacking an allegedly void judgment lies against the successful party litigant; it does not lie against the court in which the judgment was rendered or against the judges of that court. (*Haldane* v. *Superior Court* (1963) 221 Cal.App.2d 483 [34 Cal.Rptr. 572].)

■ In addition, the defendant judges are sued herein for action taken by them in their judicial capacity. It is well settled that no action lies against a judicial officer under these circumstances. (2 Witkin, Summary of Cal. Law (1960) Torts, § 55, pp. 1227-1228, and authorities there cited.) The defendant State of California is alleged to be liable only on a theory of *respondeat superior* and the case against it falls with the case against the judicial defendants.

The present action, and the present appeal, are patently frivolous and constitute an abuse of the processes of this court. The motion to dismiss the appeal is granted; respondents shall recover their costs on appeal together with a penalty in the amount of $500. (Cal. Rules of Court, rule 26(a).)

Files, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied January 11, 1966, and appellant's petition for a hearing by the Supreme Court was denied February 16, 1966. Mosk, J., did not participate therein.