[Civ. No. 33646. First Dist., Div. Four. Jan. 29, 1975.]

FRANK W. LYNCH et al., Plaintiffs and Appellants, v.
WARREN GLASS, JR., et al., Defendants and Respondents.

## Counsel

Edward R. Fitzsimmons and Ken Fishbach for Plaintiffs and Appellants.

Spridgen, Barrett, Achor, Luckhardt, Anderson & James, James B. Hinton and A. Leonard Bjorklund, Jr., for Defendants and Respondents.

## Opinion

**CHRISTIAN, J.**—Frank and Ellenora Lynch and Edward and Elizabeth Fitzsimmons appeal from a judgment determining that they have no easement rights over a road across property of defendants Warren and Ida Lou Glass and James S. Erway.

In 1965, respondents and others blocked off from public access a road known as Wolfback Ridge Road crossing partially undeveloped territory west of Sausalito. Appellants sued to establish their claimed right to use the road, alleging alternatively that the road was a public way or was subject to a private easement in their favor. The judgment for respondents was based on the trial court's determinations that a judgment in a prior action collaterally estopped appellants from asserting a public easement, and that appellants had failed to prove a private easement.

The prior judgment was against Gulf Oil Corporation and Frouge Corporation, the intended developers of certain lands adjoining the Glass property in the Wolfback Ridge area. The developers acted on the assumption that Wolfback Ridge Road would provide public access to their lands. The Glasses instituted a slander of title action against the two corporations, seeking damages and an injunction against trespass. James Erway, also a respondent in the present appeal, was joined as a cross-defendant in the *Gulf Oil* case. The two corporations asserted in defense that Wolfback Ridge Road was subject to private or public easements. After a lengthy trial, the present respondents took a judgment determining that they were holders of record title to portions of the road, that neither the corporations nor the public had any recorded interest in the road, and that the road had neither been dedicated to public use nor subjected to an implied easement. That judgment was affirmed on appeal. (*Glass* v. *Gulf Oil Corp.* (1970) 12 Cal.App.3d 412 [96 Cal.Rptr. 902].)

■ Appellants contend that the court erred in determining that they were collaterally estopped from asserting that Wolfback Ridge Road was subject to a public easement. ■ The prerequisites for the application of collateral estoppel are an identity of issues decided in a prior case with those presented in subsequent litigation, a final judgment on the merits, and a determination that the party against whom the principle is asserted was a party or in privity with a party in the prior action. (*Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.* (1962) 58 Cal.2d 601, 604 [25 Cal.Rptr. 559, 375 P.2d 439], cert. den., 372 U.S. 966 [10 L.Ed.2d 130, 83 S.Ct. 1091]; *Dillard* v. *McKnight* (1949) 34 Cal.2d 209, 214 [209 P.2d 387, 11 A.L.R.2d 835]; *Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 813 [122 P.2d 892].) ■ The decision in *Glass* v. *Gulf Oil Corp.* unquestionably was a final judgment on the merits. We have concluded, however, that the doctrine of collateral estoppel was inapplicable because appellants were not in privity with the Gulf and Frouge corporations.

A party cannot assert a prior adjudication against another who was not a party or in privity with a party to the prior action. (See *Developments in the Law: Res Judicata*, 65 Harv.L.Rev. 818, 855; Comments, *Nonparties and Preclusion by Judgment: The Privity Rule Reconsidered*, 56 Cal.L. Rev. 1098, 1101; 46 Am.Jur.2d, Judgments, § 518, pp. 669-670.) Privity is essentially a shorthand statement that collateral estoppel is to be applied in a given case; there is no universally applicable definition of privity. (See *People* v. *One 1964 Chevrolet Corvette Convertible* (1969) 274 Cal.App.2d 720, 731 [79 Cal.Rptr. 447]; *Perkins* v. *Benguet Cons. Min. Co.* (1942) 55 Cal.App.2d 720, 739-740 [132 P.2d 70], cert. den., 319 U.S. 774 [87 L.Ed. 1721, 63 S.Ct. 1435]; Rest., Judgments, § 83, com. a; Vestal, *Res Judicata/Preclusion: Expansion,* 47 So.Cal.L.Rev. 357, 361-362; 56 Cal.L.Rev. 1102; Vestal, *Preclusion/Res Judicata Variables: Parties*, 50 Iowa L.Rev. 27, 45, 60; 65 Harv.L.Rev. at pp. 855-856.) ■ Three factors may favor the application of collateral estoppel in a given case even though precise identity of parties and issues may be lacking. The principle may be invoked to protect against vexatious litigation (see *People* v. *One 1964 Chevrolet Corvette Convertible, supra; O'Connor* v. *O'Leary* (1967) 247 Cal.App.2d 646, 650 [56 Cal.Rptr. 1]; *Taylor* v. *Hawkinson* (1957) 47 Cal.2d 893, 897 [306 P.2d 797]), to further the finality of litigation in which public interests are involved (see *People* ex rel. *State of Cal.* v. *Drinkhouse* (1970) 4 Cal.App.3d 931, 939 [84 Cal.Rptr. 773]; 56 Cal.L.Rev. 1099), or to promote the stability of adjudications in prior criminal actions (*People* v. *One 1964 Chevrolet Corvette Convertible, supra,* 274 Cal.App.2d at p. 730; *People* ex rel. *State*

*of Cal.* v. *Drinkhouse, supra,* 4 Cal.App.3d at p. 938; see also *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd., supra,* 58 Cal.2d at p. 606). Additional recent cases which have applied a broadened concept of privity include *Cauefield* v. *Fidelity and Casualty Company of New York* (5th Cir. 1967) 378 F.2d 876, 879, cert. denied, 389 U.S. 1009 [19 L.Ed.2d 606, 88 S.Ct. 571]; *Council Brothers, Inc.* v. *Ray Burner Company* (5th Cir. 1973) 473 F.2d 400; *Colditz* v. *Eastern Airlines, Inc.* (S.D.N.Y. 1971) 329 F.Supp. 691, 695; *Proctor and Gamble Co.* v. *Byers Transportation Co., Inc.* (W.D.Mo. 1973) 355 F.Supp. 547, affirmed 501 F.2d 928; *Burns* v. *Unemployment Compensation Board of Review* (1949) 164 Pa.Super. 470 [65 A.2d 445]; but see cases in annotation, 31 A.L.R.3d 1044.

Thus, the question of privity has been restated in terms of whether a nonparty was "sufficiently close" to an unsuccessful party in a prior action as to justify the application of collateral estoppel against the nonparty. (*People* v. *One 1964 Chevrolet Corvette Convertible, supra,* 274 Cal.App.2d at p. 731; *People* ex rel. *State of Cal.* v. *Drinkhouse, supra,* 4 Cal.App.3d at p. 937; 47 So.Cal.L.Rev., *supra,* at p. 361; 56 Cal.L.Rev. 1102.)

█ Notwithstanding these developments, collateral estoppel may be applied only if the requirements of due process are met. (*Blonder-Tongue* v. *University Foundation* (1971) 402 U.S. 313, 329 [28 L.Ed.2d 788, 799, 91 S.Ct. 1434]; *Bernhard* v. *Bank of America, supra,* 19 Cal.2d at p. 811; *Dillard* v. *McKnight, supra,* 34 Cal.2d at pp. 214-215; 56 Cal.L.Rev., *supra,* at p. 1103.) Due process requires that the nonparty have had an identity or community of interest with, and adequate representation by, the losing party in the first action. (See *Zaragosa* v. *Craven* (1949) 33 Cal.2d 315, 321 [202 P.2d 73, 6 A.L.R.2d 461]; *Rynsburger* v. *Dairymen's Fertilizer Coop., Inc.* (1968) 266 Cal.App.2d 269, 277-278 [72 Cal.Rptr. 102]; *People* v. *One 1964 Chevrolet Corvette Convertible, supra,* 274 Cal.App.2d at p. 732; *People* ex rel. *State of Cal.* v. *Drinkhouse, supra.*) The circumstances must also have been such that the nonparty should reasonably have expected to be bound by the prior adjudication. Thus, in *Dillard* v. *McKnight, supra,* the California Supreme Court rejected the contention that issues decided against one member of a partnership would necessarily bind the other partners in subsequent litigation. The court declared that "[i]f the rule were otherwise a partner would be required to discover at his peril any action against his copartner that might conceivably relate to the partnership business and seek to intervene therein." (*Id.* at p. 214.)

A nonparty should reasonably be expected to be bound if he had in reality contested the prior action even if he did not make a formal appearance. Thus, collateral estoppel has been applied against nonparties who had a proprietary or financial interest in and control of, a prior action. (See, e.g., *Zingheim* v. *Marshall* (1967) 249 Cal.App.2d 736, 745 [57 Cal.Rptr. 809], cert. den., 389 U.S. 831 [19 L.Ed.2d 89, 88 S.Ct. 98]; *Stafford* v. *Russell* (1953) 117 Cal.App.2d 319, 320 [255 P.2d 872], app. dism. 239 Cal.App.2d 56 [48 Cal.Rptr. 415].)

Collateral estoppel has been given effect in a second category of cases against one who did not actually appear in the prior action. These cases involve situations where the unsuccessful party in the first action might fairly be treated as acting in a representative capacity for a nonparty. Thus, collateral estoppel was applied against a corporation which was a mere *alter ego* of an individual party in the first action (*Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd., supra*, 58 Cal.2d at p. 604), against a wife whose husband had previously asserted community rights *(Zaragosa* v. *Craven, supra)*, against residents whose common interests had been represented by municipal government *(Rynsburger* v. *Dairymen's Fertilizer Coop., Inc., supra)*, against a grantee who could have no greater rights than his grantor and co-grantee *(People* ex rel. *State of Cal.* v. *Drinkhouse, supra)*, and against an owner of an automobile who surrendered its control to a drug offender (*People* v. *One 1964 Chevrolet Corvette Convertible, supra*, 274 Cal.App.2d at pp. 730, 732).

█ Appellants were apparently identified in interest with the two corporations in the *Gulf Oil* case, with a view to developing their respective properties and establishing public access thereto. Appellants' side of the underlying dispute was urged by the corporations at trial and on appeal. (See *Glass* v. *Gulf Oil Corp., supra*, 12 Cal.App.3d at pp. 416-420, 425, 427-430.) But it cannot be said that appellants should reasonably have expected to be bound by the prior adjudication. Although appellants were fully aware of the prior litigation, the appearance of one of them as a witness gave them no power to control any aspect of the case. (See *Minton* v. *Cavaney* (1961) 56 Cal.2d 576, 581 [15 Cal.Rptr. 641, 364 P.2d 473]; Rest., Judgments, § 84, com. e.) Moreover, appellants did not stand in a relationship with the two corporations which would put them on reasonable notice that they avoided the prior proceedings at their peril. (Cf. *Dillard* v. *McKnight, supra*, 34 Cal.2d 209.)

It is true that the corporations asserted public rights to the roadway and that appellants stood to gain from any determination in the corporations' favor. If the first lawsuit had involved the City of Sausalito, which is in a position to safeguard the rights of the public,* appellants might be precluded from asserting that a determination adverse to the city should not be binding upon them (see *Rynsburger* v. *Dairymen's Fertilizer Coop., Inc., supra,* 266 Cal.App.2d 269). But collateral estoppel cannot fairly be applied on that basis against appellants in this action. Appellants are entitled to present at trial their claim that the road is subject to a public easement.

Appellants also contend that a prescriptive easement had been acquired. A prescriptive easement may be acquired by open, notorious, continuous and hostile use, under a claim of right, for a five-year period. (Code Civ. Proc., § 321; Civ. Code, § 1007; *Taormino* v. *Denny* (1970) 1 Cal.3d 679, 686 [83 Cal.Rptr. 359, 463 P.2d 711].) The burden of proof is on the party asserting prescriptive rights. (*Clarke* v. *Clarke* (1901) 133 Cal. 667, 669 [66 P. 10]; *Barlow* v. *Frink* (1915) 171 Cal. 165, 170 [152 P. 290]; *Case* v. *Uridge* (1960) 180 Cal.App.2d 1, 5 [4 Cal.Rptr. 85]; *Guerra* v. *Packard* (1965) 236 Cal.App.2d 272, 288 [46 Cal.Rptr. 25].) It is for the trier of fact to determine whether the elements of a claimed prescriptive easement have been established (*O'Banion* v. *Borba* (1948) 32 Cal.2d 145, 153 [195 P.2d 10]; *Case* v. *Uridge, supra; Guerra* v. *Packard, supra*) and all conflicts in the evidence must be resolved on appeal in favor of the party who prevailed at trial. (*O'Banion* v. *Borba, supra,* at pp. 147-148; *Taormino* v. *Denny, supra; Guerra* v. *Packard, supra.*)

The hostile use of a road does not ripen into a prescriptive easement unless the party against whom it is asserted has actual or constructive knowledge of such use. (*Clarke* v. *Clarke, supra,* 133 Cal. at p. 670; *Clark* v. *Redlich* (1957) 147 Cal.App.2d 500, 508 [305 P.2d 239]; *Guerra* v. *Packard, supra,* 236 Cal.App.2d at p. 289; see also *O'Banion* v. *Borba, supra,* 32 Cal.2d at p. 150; 17 Cal.Jur.2d, Rev., Easements, § 20, pp. 153-155.) There was evidence that neither defendants Glass nor codefendant Erway had actual notice of Fitzsimmons' use of the road. While Edward Fitzsimmons testified that he had used the road occasionally in 1958 and 1959 and some 20 to 25 times per year thereafter, the trial court could reasonably have concluded that such use, standing alone, was insufficient to impart constructive notice of the

---

*See, e.g., Civil Code, section 3491, under which the city would be authorized to proceed against some of the actions complained of in this action.

Fitzsimmons' adverse claims. (See *Smith* v. *Skrbek* (1945) 71 Cal.App.2d 351, 355-358 [162 P.2d 674].) The trial court's determination that appellants had no prescriptive easements to the road was supported by substantial evidence.

As to the determination that there was no private easement, the judgment is affirmed; in all other respects the judgment is reversed.

Rattigan, Acting P. J., and Emerson, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.