William EDMUNDSON, Appellee,

and

Miles Cooperman, Intervenor-Appellee,

v.

MILEY TRAILER COMPANY et al., Appellants.

No. 57664.

Supreme Court of Iowa.

April 20, 1977.

Patterson, Lorentzen, Duffield, Timmons, Irish & Becker, Des Moines, for appellant J. Thomas Heckel.

Ahlers, Cooney, Dorweiler, Allbee & Haynie, Des Moines, for appellant Harley J. Cook.

Thoma, Schoenthal, Davis, Hockenberg & Wine, Des Moines, for appellant Miley Trailer Co.

John D. Randall, Cedar Rapids, for intervenor-appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, LeGRAND and UHLENHOPP, JJ.

MASON, Justice.

This matter comes before us as a result of this court's order granting defendants in a tort action permission to take an interlocutory appeal from the trial court's adverse ruling on their motions attacking intervenor's petition in intervention.

The incident giving rise to the principal lawsuit occurred August 13, 1969, on Interstate 80 near Atlantic, Iowa, when a horse trailer being pulled by an automobile be-

came disengaged from the car, hit a bridge abutment and was destroyed. A show horse owned by plaintiff-intervenor, Miles Cooperman, was thrown from the trailer and as a result of the accident died. The trailer was owned by Cooperman and the automobile and trailer hitch belonged to William Edmundson, plaintiff in the action. At the time of the accident, Edmundson was employed by Cooperman as a horse trainer and showman.

Defendant Miley Trailer Company (hereinafter Miley), a Texas corporation with its principal place of business in that state, was the manufacturer of the trailer. J. Thomas Heckel doing business as Bar Money Ranch, Inc. (Bar Money), a Missouri corporation with its principal place of business in that state, was the seller of the trailer. Defendant Harley's Hitchin' Post (Harley's), a Michigan corporation with its principal place of business there, sold and installed "a Reese trailer hitch" on Edmundson's automobile. Richard Handy, doing business as Handy's Service Station (Handy's), with its principal place of business in Michigan, had serviced the trailer prior to the accident.

Neither the original plaintiff, William Edmundson, nor Handy's is involved in this appeal.

In July of 1970, Cooperman filed a complaint in the United States District Court for the Southern District of Iowa seeking damages from defendants for the death of the horse owned by Cooperman which was a result of the accident. The basis for the relief sought was the connection of each defendant with the allegedly defective trailer hitch which was the cause of the accident. The federal court subsequently quashed service of process and dismissed Cooperman's complaint with respect to each defendant upon the ground section 617.3, The Code, 1966, was unavailable to Cooperman, a resident of Illinois.

On January 12, 1971, Edmundson commenced the instant action seeking damages in the amount of $2,335 from defendants for personal property destroyed in the accident. Edmundson's claim for relief was based upon strict liability concepts, negli-

gence and breach of express and implied warranties. Defendants filed a special appearance which was subsequently the subject of an interlocutory appeal wherein this court reversed the trial court and held section 617.3 was available to Edmundson to secure personal jurisdiction over defendants. *Edmundson v. Miley Trailer Co.,* 211 N.W.2d 269 (Iowa 1973).

This court's opinion in *Edmundson* was filed october 17, 1973, and Cooperman's petition of intervention was filed June 11, 1974. The basis for Cooperman's intervention was his alleged "interest" in the subject matter of the litigation. Specifically, Cooperman sought damages of $150,000 from defendants asserting the same theories of recovery as Edmundson.

Bar Money filed a special appearance June 14 alleging the district court did not have jurisdiction of it with respect to the petition of intervention "in that the subject matter of the Petition of Intervention is separate and apart from the subject matter contained in the original Petition and no proper services [*sic*] has been obtained on this defendant by the plaintiff-intervenor." Bar Money maintained Cooperman was not seeking the relief requested by Edmundson, but was contravening the purpose of rule 75, Rules of Civil Procedure, by asserting a separate and distinct claim. Harley's and Miley subsequently filed motions to dismiss and strike Cooperman's petition based upon similar allegations. In essence, it was and is defendants' position Cooperman is not a person "interested in the subject matter of the litigation, or the success of either party to the action, or against both parties" within the meaning of rule 75, R.C.P.

Briefs were submitted to the district court and hearing was held August 2, 1974. On September 10, the district court ruled against defendants concluding the possible "defensive use of collateral estoppel" established that Cooperman "was interested in the success of either party" and thus entitled to intervene. Defendants subsequently sought and obtained leave of this court to prosecute this appeal in advance of final judgment pursuant to rule 332, R.C.P.

Defendants present the following issues for this court's review:

1. Is Cooperman a person "interested in the subject matter of the litigation, or the success of either party to the action, or against both parties" and thus entitled to intervene under the provisions of rule 75, R.C.P.?

2. Should Cooperman be allowed to intervene herein notwithstanding the fact that he could not attain personal jurisdiction of defendants in an original action commenced in this state and would thus be accomplishing indirectly what he could not accomplish directly?

I. Rule 75, R.C.P., provides:

"Any person interested in the subject matter of the litigation, or the success of either party to the action, or against both parties, may intervene at any time before trial begins, by joining with plaintiff or defendant or claiming adversely to both."

In *State ex rel. Turner v. Iowa State Highway Com'n,* 186 N.W.2d 141, 147 (Iowa 1971), is the following language with respect to rule 75:

"Sufficient *interest,* not necessity, is the test for the right to intervene and neither the desire, advantage nor disadvantage of plaintiff or defendant is controlling. * * * [citing authority]. Intervention is remedial and should be liberally construed to the end that litigation may be reduced and more expeditiously determined. * * * [citing authorities]." (Emphasis in original). See also *Rick v. Boegel,* 205 N.W.2d 713, 717 (Iowa 1973); *Schimerowski v. Iowa Beef Packers, Inc.,* 196 N.W.2d 551, 555 (Iowa 1972); *Peters v. Lyons,* 168 N.W.2d 759, 762 (Iowa 1969).

Defendants maintain Cooperman has no interest in the subject matter of the controversy or the success of either party.

In response to that contention, Cooperman premises his argument that he is "interested" within the meaning of rule 75 on the allegedly potential applicability of res judicata concepts to any subsequent action brought by him against defendants herein. He points out that in each division of his petition for intervention he alleges the same cause of action asserted by Edmundson in each of the corresponding divisions in the original petition at law. Specifically, he argues if Edmundson is unsuccessful with respect to any of the theories of recovery asserted herein, the defensive use of res judicata principles would preclude him (Cooperman) from subsequent recovery based upon those theories.

He maintains when the doctrine of issue preclusion is "combined with the facts and circumstances concerning one who, though not a party, defends or prosecutes an action by employing counsel, paying costs, and by doing those things which are usually done by a party, is bound by the judgment rendered therein," he (Cooperman) would be foreclosed from judgment in a second suit against the defendants named herein if Edmundson litigated and lost on the relevant issues of this lawsuit in the first suit.

In this connection he directs this court's attention to well established principle that if a person controls an action, such action becomes res judicata as to that individual even though he or she is not technically a party to the litigation. *In re Estate of Richardson,* 250 Iowa 275, 288, 93 N.W.2d 777, 785; *Kuiken v. Garrett,* 243 Iowa 785, 803, 51 N.W.2d 149, 159–160, 41 A.L.R.2d 1397, 1411.

In support of his position Cooperman relies on Restatement, Judgments, section 84 and comment b thereunder. However, it is proposed in Tentative Draft No. 2 Restatement, Second, Judgments, that section 84 of the first Restatement be replaced by section 83 of the Tentative Draft.

Section 83 as it appears in the Tentative Draft provides:

"Person Who Controls Participation. A person who is not a party to an action but who controls or substantially participates in the control of the presentation on behalf of a party is bound by the determination of issues decided as though he were a party."

Comment c under this section in the Tentative Draft states:

"*Elements of control.* To have control of litigation requires that a person have effective choice as to the legal theories and proofs to be advanced in behalf of the party to the action. He must also have control over the opportunity to obtain appellate review. Compare § 68.1(a). Whether his involvement in the action is extensive enough to constitute control is a question of fact, to be resolved with reference to these criteria. It is sufficient that the choices were in the hands of counsel responsible to the controlling person; moreover, the requisite opportunity may exist even when it is shared with other persons. It is not sufficient, however, that the person merely contributed funds or advice in support of the party or appeared as *amicus curiae.*" (Emphasis in original).

■ The only evidence supporting a finding of control by Cooperman is the fact the same attorney represents both Edmundson and Cooperman. That fact, in and of itself, would not warrant a finding Cooperman's control of the litigation had been established. *In re Estate of Richardson*, 250 Iowa at 288–289, 93 N.W.2d at 785.

II. In view of the foregoing determination we return to Cooperman's contention he will be bound or precluded by the direct legal operation and effect of any judgment returned in the action brought by Edmundson against defendants.

The phrase "bound or precluded by" refers to the rules of claim preclusion and issue preclusion.

In *Goolsby v. Derby*, 189 N.W.2d 909, 913 (Iowa 1971), this court distinguished the offensive and defensive use of res judicata principles as follows:

"The phrase 'defensive use' of the doctrine of collateral estoppel is used here to mean that a stranger to the judgment, ordinarily the defendant in the second action, relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an element of his defense.

"On the other hand, the phrase 'offensive use' or 'affirmative use' of the doctrine is used to mean that a stranger to the judgment, ordinarily the plaintiff in the second action, relies upon a former judgment as conclusively establishing in his favor an issue which he must prove as an essential element of his cause of action or claim.

"In other words, defensively a judgment is used as a 'shield' and offensively as a 'sword.' "

Cooperman cites only one case where a court approved the defensive use of res judicata concepts in circumstances similar to the case at bar. Professor Allan Vestal summarizes and comments upon that case as follows in his article Preclusion/Res Judicata Variables: Parties, 50 Iowa L.Rev. 27, 65–66:

"An example, where a judgment was used defensively against a stranger to the first suit, is *Burns v. Unemployment Compensation Bd. of Review* [164 Pa.Super. 470, 65 A.2d 445]. Suit I was a test case brought by one of a group of individuals who had similar claims. Judgment was rendered for the defendant. When the second suit was brought by a claimant similarly situated to the plaintiff in Suit I, it was held that the first judgment precluded the plaintiff in Suit II. The court stated: 'All of the matters sought to be litigated here were litigated in [Suit I], and the decision and judgment in that case preclude appellant, even though he be considered not to have been a party to that proceeding, from again litigating the question.' It can be seen that this decision is close to the concept of stare decisis or preclusion against a class where the first suit has been brought for the class, but in truth this case is something more than stare decisis, and the class concept is not found in the case. *This is preclusion, defensively, against a stranger to the first suit.* Here a party who has not had a chance to litigate a matter is precluded from presenting his case on the merits. *It is at this point that serious constitutional questions may arise.*" (Emphasis deleted and supplied).

Other than *Burns*, the only other authority cited by Cooperman in support of his argument he may be subsequently subject to the

defensive use of preclusion is *Goolsby v. Derby*, supra, wherein this court approved the defensive use of collateral estoppel. However, in *Goolsby*, 189 N.W.2d at 917, Derby's administrator was precluded from relitigating in her claim for loss to her husband's estate the issue of her decedent's conduct being both negligent and a proximate cause of the accident in view of the prior determination of those issues adversely to the estate in Suit I. In other words, cross-petitioner-plaintiff was precluded in Suit II from relitigating an issue she had already gotten to the jury with in Suit I. Here Cooperman predicts he will be precluded from litigating an issue for the first time. The two situations are vastly different with preclusion resulting in the latter in only limited circumstances, none of which are argued here. See 50 Iowa L.Rev., supra, at 59–65; Vestal, Extent of Claim Preclusion, 54 Iowa L.Rev. 1, 12–17.

In Restatement, Second Judgments, Tentative Draft No. 2, section 78, it is provided:

"Parties to an Action

"*   *   *

"(3) A person who is not a party to an action is not bound by or entitled to the benefits of the rules of res judicata, except as stated in §§ 73 and 74, §§ 79 to 88, and—."

The exceptions mentioned in the Restatement to this general rule are considered in the law review articles cited earlier.

In regard to these exceptions we point out Cooperman's claim for relief is not: (1) an action based only on jurisdiction to determine interest in a thing (traditionally described as "in rem"), see Restatement, Second, Judgments, Tentative Draft No. 1, section 73; (2) an action whose purpose is to determine a person's status, Tentative Draft No. 3, section 74; (3) an action involving factual circumstances specified in Tentative Draft No. 2, sections 79–88; or (4) based upon a derivative claim. Hence, under this record he cannot bring himself within the recognized exceptions.

■ This court has stated one who has not had an opportunity to litigate an issue is not bound by an adverse ruling in another suit and is entitled to his or her day in court. *Schwarz Farm Corp. v. Board of Sup. of Hamilton Co.*, 196 N.W.2d 571, 576 (Iowa 1972); *Trustees of Green Bay Etc. v. Alexander*, 252 Iowa 801, 807, 108 N.W.2d 593, 597. See also *Blonder-Tongue Lab., Inc. v. University of Illinois Found.*, 402 U.S. 313, 329, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788, 800.

Cooperman asks this court to repudiate this statement and hold he is "interested" within the meaning of rule 75 in light of the possibility a court *might* approve of defensive preclusion in the predicted circumstances.

■ In our opinion the allegedly potential applicability of res judicata concepts to any subsequent action brought by Cooperman against defendants herein is so indirect, remote, or conjectural that it cannot afford a sufficient basis for holding Cooperman has the "interest" in the Edmundson suit required for intervention within the meaning of rule 75. See *Kirchner v. Gast*, 169 Neb. 404, 100 N.W.2d 65, 72–73 and *Klotz v. Nola Cabs, Inc.*, 209 So.2d 158, 161 (La.App.1968).

We conclude Cooperman has failed to demonstrate an "interest" in the matter being litigated between Edmundson and defendants herein to bring him within the provisions of rule 75. The trial court erred in ruling otherwise. We need not reach the second issue.

With directions to the trial court to enter an order dismissing the petition of intervention the case is—Reversed and remanded.