propriate order shall accompany this memorandum opinion.

**WAL JUICE BAR, INC., et al., Plaintiffs,**

v.

**Claude E. "Buddy" ELLIOTT, et al., Defendants.**

**Civ. A. No. 84–0107–P(J).**

United States District Court,
W.D. Kentucky,
Paducah Division.

April 8, 1987.

William Deatherage Jr., Timothy Kaltenbach, Hopkinsville, Ky., for plaintiffs.

John J. Chewning, Chewning, Underwood & Cotthoff, Hopkinsville, Ky., for Elliott and Oak Grove.

J. Michael Foster, Christian Co. Atty., John P. Kirkham, Kirkham & Fowler, Hopkinsville, Ky., for Christian Co.

## MEMORANDUM OPINION

JOHNSTONE, Chief Judge.

This case is before the court on a motion for partial summary judgment filed by defendants Claude E. "Buddy" Elliott, City of Oak Grove, Kentucky, Frank M. Gary, J. Michael Foster, and Christian County, Kentucky. Jurisdiction exists under 28 U.S.C. § 1331.

This action centers on the attempted enforcement by defendants of two ordinances regulating the sale of liquor in the city of Oak Grove and the encompassing county of Christian. Specifically, the two ordinances prohibit nude or nearly nude dancing in establishments licensed to sell liquor on the premises. The ordinances also specify criminal penalties for any violations of the ordinances by either the owners or operators of, or the performers at, such establishments.

The plaintiffs in this action are Wal Juice Bar, Inc., d/b/a the Cat West, a night club located in Oak Grove; Elizabeth Ann Martin, an officer, director, and stockholder of the Cat West; and Sheila Jean Crane and Lynn V. Maher, performers at the Cat West. In addition to the constitutional challenges to the above-mentioned ordinances, plaintiffs seek a preliminary and permanent injunction prohibiting the Alcoholic Beverage Control Board from attempting to revoke or suspend the retail liquor drink or retail beer licenses for alleged violations of KY.REV.STAT. 244.120 and 804 KY.ADMIN.REG. 5:060. Plaintiffs also seek such relief against criminal prosecutions or license revocation proceedings by defendants pursuant to those ordinances.

Plaintiffs challenge the two virtually-identical ordinances, Oak Grove Ordinance

No. 1984–1 and Christian County Ordinance No. 84–1 on the following grounds:

1. They violate the First Amendment rights of freedom of expression;
2. They are unconstitutionally vague;
3. The criminal penalties assessed against the dancers are unconstitutional;
4. The Oak Grove ordinance violates KENTUCKY CONSTITUTION § 1; and
5. The Oak Grove ordinance is invalid as preempted by the state's regulatory power.

In this motion for partial summary judgment, defendants claim that the constitutional attacks against the ordinances should be dismissed in light of the United States Supreme Court's recent *per curiam* opinion in *City of Newport v. Iacobucci*, — U.S. ——, 107 S.Ct. 383, 93 L.Ed.2d 334 (1986).

In *Iacobucci*, the court addressed the constitutionality of an ordinance virtually identical to the ordinances at issue here. The court upheld the ordinance, finding that the alcoholic beverage regulatory authority conferred to the states by the Twenty-first Amendment includes the power to ban nude dancing as part of the liquor license control program. 107 S.Ct. at 385. Defendants claim that the Oak Grove and Christian County ordinances are likewise constitutional.

Plaintiffs, however, claim that *Iacobucci* is distinguishable, in that unlike the city of Newport, a second-class city, the fifth class city of Oak Grove possesses no power to regulate the sale of alcoholic beverages. According to KY.REV.STAT. 241.160, cities of the first four classes shall create the office of city alcoholic beverage control administrator to regulate the sale of alcohol. However, other cities are regulated by a county alcoholic beverage control administrator, pursuant to KY.REV.STAT. 241.110(5).

Plaintiffs admit that the city of Oak Grove does not issue liquor licenses and that the licenses are issued by Christian County. In addition, both ordinances in question empower the Christian County Alcoholic Beverage Control Administrator to revoke licenses for violation of either ordinance.

Christian County is empowered, by virtue of KY.REV.STAT. 241.110 et seq., to regulate the sale of alcoholic beverages within the county and within the "corporate limits of any city therein not having its own administrator." Oak Grove, a fifth-class city, is such a city within the county of Christian. Therefore, Christian County Ordinance No. 84–1, identical to the City of Newport's ordinance in *Iacobucci*, properly regulates the sale of liquor within the powers conferred on it by the Commonwealth of Kentucky, pursuant to the Twenty-first Amendment.[1] "The Twenty-first Amendment has given broad power to the States and generally they may delegate this power as they see fit." *Iacobucci*, 107 S.Ct. at 385.

The court finds, therefore, that the Christian County Ordinance No. 84–1 does not infringe upon the plaintiffs' First Amendment guarantees of freedom of expression. However, this opinion does not reflect a decision concerning the plaintiffs' other attacks on the validity of the ordinances.

An appropriate order shall accompany this memorandum opinion.

## ORDER

In accordance with the memorandum opinion this date entered,

IT IS ORDERED that the motion for partial summary judgment filed by defendants Claude E. "Buddy" Elliott, City of Oak Grove, Kentucky, Frank M. Gary, J. Michael Foster, and Christian County, Kentucky, is GRANTED IN PART, in that Christian County Ordinance No. 84–1 does

---

1. Given the apparent lack of authority over the issuance of liquor licenses by the City of Oak Grove, the constitutionality of the city's ordinance pursuant to the Twenty-first Amendment is questionable. However, the parties do not address the propriety of such an ordinance pursuant to the city's police power. In any event, the court does not find it necessary to reach a decision at this juncture on the constitutionality of the city's ordinance, given a finding that the Christian County ordinance is constitutional under *Iacobucci*.