WAL–JUICE BAR, INC., doing business as The Cat West; Elizabeth Ann Martin; Shelia Jean Crane; Lynn V. Maher, Plaintiffs–Appellees,

v.

Claude E. "Buddy" ELLIOTT; City of Oak Grove, Kentucky, Defendants–Appellants,

Frank M. Gary; J. Michael Foster; Christian County, Kentucky; Commonwealth of Kentucky; Edward A. Farris; Michael Davidson; John W. Grimmons; S.W. Riley, Defendants.

No. 88–6384.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 10, 1989.

Decided April 5, 1990.

Rehearing Denied May 21, 1990.

William G. Deatherage, Jr., Timothy J. Kaltenbach (argued), Deatherage & Kaltenbach, Hopkinsville, Ky., for plaintiffs-appellees.

John J. Chewning (argued), Chewning, Underwood & Cotthoff, Hopkinsville, Ky., for defendants-appellants and defendants.

Before JONES and NORRIS, Circuit Judges; and ENGEL *, Senior Circuit Judge.

ENGEL, Senior Circuit Judge.

The interesting and, we hold, controlling issue in this appeal is the extent to which "substantiality" of the federal issue presented permits a federal court to bypass that issue and to proceed to a resolution on the merits of the controversy solely on the basis of state law. We hold that a determination that the federal issue presented is substantial is a jurisdictional requirement which must be met before the district court can address the state issue. Decisions of the Supreme Court such as *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974), *Schmidt v. Oakland Unified School District*, 457 U.S. 594, 102 S.Ct. 2612, 73 L.Ed.2d 245 (1982) (per curiam), and *Siler v. Louisville & Nashville R. Co.*, 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753 (1909), and decisions of our court in cases such as *Seals v. Quarterly County Court*, 562 F.2d 390 (6th Cir.1977), are fully supportive of this position and do not even suggest a contrary result.

I.

Defendants–Appellants Claude Elliott and the City of Oak Grove, Kentucky appeal a summary judgment and permanent injunction issued by the United States District Court for the Western District of Kentucky, prohibiting enforcement of local ordinances banning nude dancing in both the city of Oak Grove, Kentucky and Christian County, Kentucky.

Wal–Juice Bar, Inc. is a Tennessee corporation which owns and operates the "Cat West" nightclub in Oak Grove, Christian County, Kentucky. Featuring nude dancing, the "Cat West" opened in January 1984. In February 1984, both Christian County and the city of Oak Grove passed ordinances prohibiting nude or semi-nude activities at establishments holding liquor licenses. Shortly thereafter, officers of the Oak Grove and Christian County Police Departments arrested two dancers, plaintiffs Crane and Maher, for violation of the ordinances.

On March 27, 1984, plaintiffs Wal–Juice Bar, its owner Elizabeth Martin, Crane and Maher all filed suit in the United States District Court for the Western District of Kentucky, seeking declaratory and injunctive relief against enforcement of the ordinances. Specifically, the plaintiffs' second amended complaint sought a declaratory judgment and corresponding injunction holding that the ordinances violated the first, fourth, and fourteenth amendments to the United States Constitution and Sections 1 and 2 of the Constitution of the Commonwealth of Kentucky, and were also preempted by Kentucky statutes governing alcoholic beverages, Ky.Rev.Stat. ch. 241–244. The plaintiffs' original and first amended complaints had named the Commonwealth of Kentucky and various state officials as defendants and had included a claim alleging that a Kentucky statute and regulation regulating nude dancing (Ky. Rev.Stat. § 244.120 and 804 KAR § 5:060) were unconstitutionally vague and overbroad under the first, fourth, and fourteenth amendments of the U.S. Constitution. However, the state defendants were dismissed from the suit on February 24, 1988 on their joint motion with the plaintiffs.

Following the Supreme Court's decision in *City of Newport v. Iacobucci*, 479 U.S. 92, 107 S.Ct. 383, 93 L.Ed.2d 334 (1986) (per curiam), the district court on April 6, 1987 granted partial summary judgment to the remaining city and county defendants on the ground that the county ordinance did not violate the plaintiffs' rights under the first amendment 664 F.Supp. 269. On the plaintiffs' subsequent motion for summary judgment on the remaining claims and application for a permanent injunction, the district court held that the ordinances were invalid because Kentucky law empowered neither Oak Grove nor Christian County to enact such ordinances. The court held that the Oak Grove ordinance was invalid under Kentucky's Home Rule Act, Ky.Rev.Stat.

---

* Honorable Albert J. Engel assumed senior status effective October 1, 1989.

§ 82.082, while the Christian County ordinance was invalid because it conflicted with regulations of the Kentucky Alcohol Beverage Commission. The defendants appeal.

In deciding the case on the pendent state law grounds, the district court stated that "[a] federal court should often . . . decide questions of state law rather than needlessly pronounce on the [federal] Constitution." Apparently the district court relied upon the reasoning of the Supreme Court in cases such as those cited *supra,* and particularly in *Hagans v. Lavine:*

> In *Siler v. Louisville & Nashville R. Co.,* 213 U.S. 175 [29 S.Ct. 451, 53 L.Ed. 753] (1909) the Court held that [where pendent state issues are presented with a federal claim] the state issues should be decided first and because these claims were dispositive, federal questions need not be reached:
>
> > "Where a case in this court can be decided without reference to questions arising under the Federal Constitution, that course is usually pursued and is not departed from without important reasons. In this case we think it much better to decide it with regard to the question of a local nature, involving the construction of the state statute and the authority therein given to the commission to make the order in question, rather than to unnecessarily decide the various constitutional questions appearing in the record." *Id.,* at 193 [29 S.Ct. at 455.]
>
> *Siler* is not an oddity. The Court has characteristically dealt first with possibly dispositive state law claims pendent to federal constitutional claims. [citations omitted] . . . The doctrine is not ironclad, see *Sterling v. Constantin,* 287 U.S. 378, 393–394, 396 [53 S.Ct. 190, 193–194, 194–195, 77 L.Ed. 375] (1932), but it is recurringly applied, and at the very least, it presumes the advisability of deciding first the pendent, nonconstitutional issue.

415 U.S. at 546–47, 94 S.Ct. at 1383–84 (footnote omitted).

Since *Hagans,* the Supreme Court has intimated that lower courts *must* address nonconstitutional pendent claims before reaching federal constitutional issues. *See Schmidt,* 457 U.S. at 594–95, 102 S.Ct. at 2612 (per curiam) (holding that court of appeals abused its discretion in deciding the case on constitutional grounds while declining to resolve the potentially dispositive pendent state-law claim; citing *Hagans* and *Gibbs* ). *See also Seals,* 562 F.2d at 392 (under *Hagans,* vacating portion of district court order decided on constitutional grounds because potentially dispositive pendent state-law claim was not addressed).

■ Nevertheless, before a federal court possessing federal question subject matter jurisdiction over a federal claim may exercise pendent jurisdiction over a state claim, the federal claim itself must be substantial. "The state and federal claims must derive from a common nucleus of operative fact . . . [I]f, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one proceeding, then, *assuming substantiality of the federal issues,* there is *power* in federal courts to hear the whole." *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) (first emphasis supplied; second in original) (footnote omitted); *Ritchie v. United Mine Workers,* 410 F.2d 827, 831 (6th Cir.1969).

■ Pendent jurisdiction may be exercised over a state claim only "where federal jurisdiction is properly based on a colorable federal claim." *Aldinger v. Howard,* 427 U.S. 1, 7, 96 S.Ct. 2413, 2417, 49 L.Ed.2d 276 (1976) (citing *Siler,* 213 U.S. at 191, 29 S.Ct. at 454–55). "[I]n a federal-question case, where the federal claim is of sufficient substance, and the factual relationship between 'that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case," ' pendent jurisdiction extends to the state claim." *Aldinger,* 427 U.S. at 9, 96 S.Ct. at 2418 (quoting *Gibbs,* 383 U.S. at 725, 86 S.Ct. at 1138). *See also Edelman v. Jordan,* 415 U.S. 651, 653 n. 1, 94 S.Ct. 1347, 1351 n. 1, 39 L.Ed.2d 662 (1974) (noting that district court correctly addressed pendent issue where federal

equal protection issue was not insubstantial).

■■■ Thus, before a district court may assume pendent jurisdiction over a state claim which derives from a nucleus of operative fact common to the federal claim, a district court must be presented a substantial federal question. In *Hagans*, the Supreme Court discussed the circumstances under which a federal claim is not substantial:

> Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are "so attenuated and unsubstantial as to be absolutely devoid of merit," *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 [24 S.Ct. 553, 557, 48 L.Ed. 795] (1904); "wholly insubstantial," *Bailey v. Patterson*, 369 U.S. 31, 33 [82 S.Ct. 549, 551, 7 L.Ed.2d 512] (1962); "obviously frivolous," *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288 [30 S.Ct. 326, 327, 54 L.Ed. 482] (1910); "plainly unsubstantial," *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103, 105 [53 S.Ct. 549, 550, 77 L.Ed. 1062] (1933); or "no longer open to discussion," *McGilvra v. Ross*, 215 U.S. 70, 80 [30 S.Ct. 27, 31, 54 L.Ed. 95] (1909).

*Hagans*, 415 U.S. at 536–38, 94 S.Ct. at 1378–80. Moreover, a federal question is not substantial if

> "it is 'obviously without merit' or because 'its unsoundness so clearly results from the previous decisions of this court [the Supreme Court] as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.' *Levering & Garrigues Co. v. Morrin*, [289 U.S. 103, 53 S.Ct. 549]; *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288 [30 S.Ct. 326, 327]; *McGilvra v. Ross*, 215 U.S. 70, 80 [30 S.Ct. 27, 31.]"

*Hagans*, 415 U.S. at 537, 94 S.Ct. at 1379 (*quoting Ex parte Poresky*, 290 U.S. 30, 31–32, 54 S.Ct. 3, 4, 78 L.Ed. 152 (1933)). Under the holding of *Hagans*,

> there must be some minimum degree of substantiality or non-frivolity to the fed-

eral claim. If the claim is obviously without merit or wholly frivolous the federal court may dismiss for want of jurisdiction. A strong indicator of the insubstantiality of the federal claim is the resolution of the claimed issue in a prior Supreme Court decision.

*Nolan v. Meyer*, 520 F.2d 1276, 1278 (2d Cir.1975) (citations omitted).

## II.

■■ As the record and briefs of the parties demonstrate, it is altogether evident that the sole federal constitutional question presented here, although presented in various guises, is no longer open to serious discussion in view of preexisting decisions of the Supreme Court.

In their second amended complaint (Jt. App. at 71 *et seq.*), the plaintiffs allege that the two ordinances violate the first, fourth and fourteenth amendments to the United States Constitution. The complaint makes several claims based on federal law: (1) that enforcement of the ordinances in bad faith violates the plaintiffs' rights to privacy and equal protection under the first, fourth, and fourteenth amendments (2nd amended compl. at 6); (2) that the enforcement of the ordinances violates the first, fourth, and fourteenth amendments because it abridges and chills the plaintiffs' freedom of speech and expression (*id.* at 6–7); (3) that harassment of the plaintiffs by the defendants is aimed at expressive activity and will result in the deprivation of property without due process of law (*id.* at 7); and (4) that enforcement of the ordinances will deprive the plaintiffs of rights, privileges, and immunities secured by the Constitution, in violation of 42 U.S.C. § 1983 (*id.* at 7). The complaint also includes claims based entirely on state law: (1) that the ordinances are void under the Kentucky Home Rule Act because they are pre-empted by state statutes and a regulation regarding alcoholic beverages (*id.* at 7–8); (2) that the Oak Grove ordinance is void because it delegates too much authority to the Christian County Alcoholic Beverage Administrator in violation of Section 2 of the Kentucky Constitution (*id.* at 8); and

(3) that both ordinances violate Section 1 of the Kentucky Constitution (*id.* at 8).

The second amended complaint, filed after the state defendants were dismissed from the suit, omits the claim included in the original and the first amended complaints that enforcement of a Kentucky statute and regulation regarding liquor licenses and nude dancing violates the first, fourth, and fourteenth amendments because the statute and regulation are vague and overbroad. (*See* 1st amended compl. at 8.) It is this fourteenth amendment claim of overbreadth and vagueness which was argued as a basis for federal jurisdiction at oral argument. The abandoned claim clearly cannot support pendent jurisdiction.[1]

The federal claims from the second amended complaint are thus: (1) bad faith enforcement which violated rights to privacy and equal protection; (2) violation of the plaintiffs' freedom of speech and expression; (3) deprivation of property without due process of law; and (4) deprivation of rights, privileges, and immunities secured by the Constitution and laws of the United States. We consider each of these in turn.

Federal claim (1) is not a sufficient basis for pendent jurisdiction because there is simply no evidence of bad faith enforcement or selective prosecution beyond the purely conclusory assertion in the plaintiffs' complaint. Absent any supporting evidence, the allegation is by definition insubstantial. If the plaintiffs meant to allege that the enforcement of the ordinances was in bad faith because they are unconstitutional on their face, this reasoning is altogether unpersuasive. In fact, there is little doubt that these ordinances do not infringe constitutional rights in light of *City of Newport v. Iacobucci,* 479 U.S. 92, 107 S.Ct. 383, 93 L.Ed.2d 334 (1986) (per curiam) and *New York State Liquor Authority v. Bellanca,* 452 U.S. 714, 101 S.Ct. 2599, 69 L.Ed.2d 357 (1981) (per curiam). In each of these cases, the owner of a bar offering nude or topless dancing challenged a ban on such dancing in establishments licensed to serve liquor on the ground that the ban violated his first amendment right to free expression secured through the fourteenth amendment. The Supreme Court squarely rejected both claims under the "broad power [of the states] under the Twenty-first Amendment to regulate the times, places and circumstances under which liquor may be sold." *Bellanca,* 452 U.S. at 715, 101 S.Ct. at 2600; *accord Iacobucci,* 479 U.S. at 96, 107 S.Ct. at 385–86 (quoting this passage from *Bellanca*). Although these two cases specifically dealt with an alleged first amendment right of expression in topless dancing, the Court in *Iacobucci* stated that the "broad base for the ruling in *Bellanca*" was that a state's "regulatory authority [under the twenty-first amendment] includes the power to ban nude dancing as part of a liquor license control program." *Iacobucci,* 479 U.S. at 95, 107 S.Ct. at 385. Moreover, the Court in *Iacobucci* also held that a state may delegate its broad power under the twenty-first amendment to local government as it sees fit, and upheld an ordinance virtually identical to the ordinances challenged here. Accordingly, if the plaintiffs here ground their claim of bad-faith enforcement on an allegation that the ordinances are patently unconstitutional, they ignore well-settled Supreme Court precedent to the contrary. Federal claim (1) is thus insubstantial.

Federal claim (2) is precisely the claim addressed by the Supreme Court in *Iacobucci* and *Bellanca.* Claim (2) is thus insubstantial "because 'its unsoundness so clearly results from the previous decisions of [the Supreme Court] as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.'" *Hagans,* 415 U.S. at 537, 94 S.Ct. at 1379 (quoting *Ex parte Poresky,* 290 U.S. at 31–32, 54 S.Ct. at 4).

Federal claim (3) is likewise insubstantial. Although the claim is pleaded broadly as a violation of due process, it is altogether evident that the ordinances violate neither procedural nor substantive due pro-

---

1. Moreover, the vagueness claim in the original and first amended complaints was explicitly addressed only to the state statute and regulation and not to the ordinances.

cess. First, it seems sufficient to say that the purely private employment of the plaintiffs creates no property interest to which procedural due process protections apply. Second, the outright ban of nude dancing permitted under *Iacobucci* and *Bellanca* rather plainly indicates that nude dancing is not a fundamental right entitled to heightened scrutiny under the due process clause. As long as the localities have a rational basis for their regulation—which they do[2]—there is no substantive due process violation.

Federal claim (4) is really not a claim at all, since section 1983 provides judicial relief but does not itself establish substantial constitutional rights. While section 1983 is simply a vehicle for alleging a substantive federal violation, neither claims (1), (2) or (3) are themselves substantial. Claim (4) is therefore insubstantial.

Accordingly, although a fourteenth amendment due process "vagueness" or "overbreadth" claim might have provided a substantial basis to support pendent jurisdiction over the state law claims, none of the federal claims alleged by the plaintiffs meets that standard. Accordingly, without reaching the state issues, the complaint should have been dismissed for lack of a substantial federal question.

The plaintiffs have also suggested that under the principles of *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), the district court should have abstained from deciding the issues regarding Kentucky's scheme for regulating the operation of topless bars because these issues concern a complicated system of state regulation and ought to be resolved in the first instance by the regulatory and judicial bodies designated by the state for this purpose. *See also* our decision in *Ada–Cascade Watch Co. v. Cascade Resource Recovery, Inc.*, 720 F.2d 897 (6th Cir.1983). We do not find it necessary to pass upon this aspect of the appeal since we conclude that the district court was bound initially to dismiss the plaintiffs' complaint for lack of a substantial federal question.

Accordingly, the judgment of the district court is REVERSED and the cause is REMANDED with directions to dismiss the complaint in its entirety for want of a substantial federal question.

---

2. The preambles of the ordinances challenged here, which state several purposes of the nude or topless dancing ban, match almost word-for-word the preamble of the ordinance upheld in *Iacobucci. Compare* Oak Grove Ord. No. 1984–1 and Christian County Ord. No. 84–1 *with* Newport, Kentucky Ord. No. 0–82–85 (reprinted in *Iacobucci v. City of Newport*, 785 F.2d 1354, 1360–62 (6th Cir.), *rev'd*, 479 U.S. 92, 107 S.Ct. 383, 93 L.Ed.2d 334 (1986) (per curiam)).