915 F.2d 1570
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnnie Lee COOK, Plaintiff-Appellant,
v.
Tony LAVINDER, Rick Parker, John Pence, Defendants-Appellees.
 No. 90-3122.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1990.
 
 Before BOYCE F. MARTIN, RYAN and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Johnnie Lee Cook, a pro se Ohio prisoner, appeals the district court's summary judgment for the defendants in his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Cook sued the defendants, officials of the Ross Correctional Institute (RCI), for actions taken within the scope of their official duties. Defendant Tony Lavinder is Director of the Phoenix Program, a drug rehabilitation program at RCI; defendant Rick Parker is a Unit Manager; and defendant John Pence is a Correctional Program Specialist. Cook alleged that on August 10, 1988, he was wrongfully terminated from the Phoenix Program after Cook requested the defendants intervene in his favor regarding his placement in administrative segregation in July 1988. Cook further alleged that defendant Pence wrote misconduct reports on Cook and administered unspecified reprisals. He alleged emotional and mental stress resulting from the defendants' actions.
 
 
 3
 The defendants filed a motion for summary judgment supported by Lavinder's affidavit and correspondence with Cook. Cook responded with a statement opposing summary judgment, but contested only Lavinder's statement that Cook said the program staff were "out to get him." The district court granted summary judgment for the defendants.
 
 
 4
 On appeal, Cook argues that: (1) the district court did not consider that the defendants created an environment in which it was impossible for him to rehabilitate himself; (2) his requests for discovery and appointment of counsel were not acknowledged; (3) the defendants administered cruel and unusual punishment through alleged, but unspecified, acts of racial animosity; (4) his removal from the Phoenix Program after filing informal grievances violated his right to due process; and (5) the district court's dismissal of his state claim "pass[ed] the buck." In his appellate brief, Cook requests the appointment of counsel.
 
 
 5
 We shall affirm the district court's summary judgment because the record shows that there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 6
 Cook has no protected liberty interest in continued participation in the Phoenix Program or any other substance abuse treatment program which requires due process before termination from the program. Further, he has submitted no proof relating misconduct reports allegedly written by Pence to any protected action on Cook's part; nor has he alleged the reports were false.
 
 
 7
 Cook's argument on appeal alleging cruel and unusual punishment was not initially raised in the district court and is therefore not reviewable. Pinney Dock & Transport Co. v. Penn Central Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 488 U.S. 880 (1988).
 
 
 8
 The district court acted within its discretion in not allowing Cook to amend his pleadings to include the allegation of retaliation for his filing this complaint, as it raises a new issue arising out of an incident separate from that complained of in this action. Fed.R.Civ.P. 15(a).
 
 
 9
 Finally, although it may appear to Cook as "passing the buck," the district court lacks jurisdiction over pendent state law claims where, as here, the federal claim is not substantial. Wal-Juice Bar, Inc. v. Elliott, 899 F.2d 1502, 1505 (6th Cir.1990).
 
 
 10
 Accordingly, for these reasons and the reasons set forth by the district court in its opinion filed January 22, 1990, the request for counsel is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.