968 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Crispulo LOPEZ-FLORES, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 92-1067.
 United States Court of Appeals, Sixth Circuit.
 June 26, 1992.
 
 Before MARTIN and SUHRHEINRICH, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Crispulo Lopez-Flores, pro se, appeals the district court's judgment granting the defendant's motion for summary judgment in this employment discrimination case filed under various federal and state laws. The defendant, General Motors Corporation (GM), is the appellant's former employer. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 From the record, it appears that Lopez-Flores (hereinafter "Lopez") was first employed by GM in August of 1968 as an assembly worker, but suffered a work-related injury in 1970, requiring surgery. In his complaint, Lopez argues that GM failed to provide him the opportunity to become reemployed at any alternate, salary position within the company, or to provide further training so that he may become reemployed in a less physically demanding position. He is currently unable to perform the duties required of his previous job as an assembly worker in any of the GM manufacturing plants.
 
 
 3
 Lopez specifically alleged that GM "violated certain civil rights of the employee, statutory laws of Michigan in the Worker's Compensation Act and last but not least Federal Labor Laws, as well as the Federal Employment Act, Michigan Handicap Civil Rights." Upon consideration, this court concludes that the district court properly granted summary judgment to the defendants.
 
 
 4
 On appeal, Lopez is arguing that GM violated the "Equal Employment Opportunity Act" and its duty to engage in affirmative action. Lopez specifically noted in his brief, on appeal, that all matters of workers' compensation, retirement and social security benefits are not, at this point, issues within the jurisdiction of the court. Therefore, only the issues which relate to his charges of discrimination will be reviewed, as the remaining issues have been abandoned. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 5
 A party moving for summary judgment must meet an initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. This burden may be met by showing that, having had sufficient opportunity for discovery, the respondent has no evidence to support an essential element of his or her case. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir.1989). In ruling on a motion for summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Street, 886 F.2d at 1479 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). One of the principal purposes of summary judgment is to dispose of factually unsupported claims or defenses, and the Supreme Court has directed that this procedural rule should be interpreted in a way which allows it to accomplish that purpose. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).
 
 
 6
 The jurisdictional prerequisites to a federal action under Title VII are: 1) the timely filing of charges of employment discrimination with the Equal Employment Opportunity Commission (EEOC); and 2) receiving and acting upon the Commission's statutory notice of the right to sue. 42 U.S.C. §§ 2000e-5(a); and 2003-5; Brown v. General Services Admin., 425 U.S. 820, 832 (1976); Haithcock v. Frank, No. 91-3469, slip op. at 9 (6th Cir. March 5, 1992). Moreover, the complaint must be filed with the EEOC within the time frame permitted under the statute. Mohasco Corp. v. Silver, 447 U.S. 807, 817 (1980). In a deferral state such as Michigan, filing is timely if it is done within 300 days of the alleged violation. See 29 C.F.R. § 1601.13. As correctly noted by the district court, the record is void of any indication the plaintiff has ever filed an administrative charge of discrimination against the defendant with the EEOC, let alone a timely complaint of discriminatory action. Thus, the court correctly disposed of this claim on the basis that this court lacks jurisdiction because of Lopez's failure to exhaust this administrative remedy.
 
 
 7
 The district court noted that Lopez alleged GM violated "Federal Labor Law," construing that allegation to mean that GM violated the collective bargaining agreement it had with its employees, specifically paragraph 72 of the agreement between GM and the United Auto Workers. The district court's conclusion, supported by the record, was that the appellant failed to fully exhaust his available contractual remedies under the UAW/GM agreement. Furthermore, the appellant failed to show that the union breached any duty of fair representation in his case. Vaca v. Sipes, 386 U.S. 171 (1967). Therefore, Lopez did not have a valid claim under federal labor law.
 
 
 8
 The remaining issues involved pendent state law claims. Where an action in federal court includes both federal and pendent state claims and the court dismisses the federal claims before trial on a motion for summary judgment, the pendent state claims are ordinarily dismissed as well. Williams v. City of River Rouge, 909 F.2d 151, 157 (6th Cir.1990). This is because needless decisions of state law should be avoided as a matter of comity and to promote justice between the parties. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966); Foster v. Walsh, 864 F.2d 416, 419 (6th Cir.1988) (per curiam). This court has held that such pendent jurisdiction may be exercised only where federal jurisdiction is properly based on a colorable federal claim. Wal-Juice Bar, Inc. v. Elliott, 899 F.2d 1502, 1504-05 (6th Cir.1990). Thus, the state law claims alleged under the Michigan Elliott-Larson Civil Rights Act and Michigan Handicappers' Civil Rights Act are subject to dismissal as pendent state claims, as no federal claim has been established.
 
 
 9
 Accordingly, the district court's decision granting summary judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.