983 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ENOMA ERIBO, Plaintiff-Appellant,
v.
CARGILL, INC., Defendant-Appellee.
 No. 92-5709.
 United States Court of Appeals, Sixth Circuit.
 Dec. 17, 1992.
 
 Before MERRITT, Chief Judge, and Boyce F. MARTIN and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Enoma Eribo, pro se, appeals the district court's judgment granting the defendant's motion for summary judgment in this employment discrimination case filed under Title VII of the Civil Rights Act of 1964, as amended by the Equal Opportunity Employment Act of 1972. 42 U.S.C. § 2000e. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Eribo alleged that, on April 6, 1987, after an incident involving a fellow supervisor at the defendant's plant, he was suspended for five days without pay and demoted from "Laboratory Supervisor" to "Laboratory Technician," with an accompanying decrease in salary. Eribo is black. It is his contention that the defendants acted with the intent to discriminate on the basis of his race in violation of Title VII, and that the actions constituted the tort of "outrageous conduct" under state law.
 
 
 3
 This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 4
 Upon review, this court concludes that the district court was correct in finding absolutely no racial animus in the defendant's decision to discipline Eribo for the March 1987 incident. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). The defendant simply disciplined Eribo for sexually harassing a fellow supervisor. The evidence submitted by the parties shows that there are no genuine issues of material fact that would affect the outcome of this suit under the substantive governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, summary judgment for the defendant was proper in this case. Moreover, this is not a "mixed motive" case, and the defendant employer has presented a legitimate reason, without racial basis, for disciplining this employee. Galbraith v. Northern Telecom, Inc., 944 F.2d 278, 282 (6th Cir.1991), cert. denied, 112 S.Ct. 1497 (1992).
 
 
 5
 Because pendent jurisdiction may be exercised only where federal jurisdiction is properly based on a colorable federal claim, Eribo's state tort claim was properly dismissed. Williams v. City of River Rouge, 909 F.2d 151, 157 (6th Cir.1990); Wal-Juice Bar, Inc. v. Elliott, 899 F.2d 1502, 1504-05 (6th Cir.1990).
 
 
 6
 Accordingly, Eribo's requests for appointment of counsel and for a transcript at government expense are hereby denied, and the district court's order granting the defendant's motion for summary judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.