985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert D. THROWER, Plaintiff-Appellant,
v.
BEACON JOURNAL PUBLISHING COMPANY, et. al., Defendants-Appellees.
 No. 92-3552.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1993.
 
 Before ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Albert D. Thrower, a pro se Ohio prisoner, appeals the district court's order dismissing his civil rights action filed under 42 U.S.C. § 1983 and the district court's order permanently enjoining him from filing future lawsuits in the Northern District of Ohio without written leave of a judge of the court. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking 540 million dollars in damages and injunctive relief, Thrower sued 108 named defendants and 50 John Does for allegedly violating his rights under the First, Sixth, and Fourteenth Amendments. The complaint also alleged pendent state torts. Thrower, whose appeals have been before this court on numerous other occasions within the past two years, continues to collaterally attack the effects of his 1989 guilty plea to state drug trafficking and RICO charges. As part of the negotiated plea agreement 141 parcels of real estate owned by Albert and his brother Thomas were forfeited to the state, which ultimately disposed of them by public auction. In his present complaint, Thrower generally alleges a wide-ranging conspiracy, apparently headed by Prosecutor Slaby and then-President Muse of the University of Akron, to falsify evidence in order to fraudulently acquire his forfeited property for the financial benefit of Summit County, the city of Akron, and the University of Akron. He further alleges that named media filed libelous articles about him. Finally, Thrower seeks injunctions compelling various media and government officials to investigate the alleged conspiracy and compelling officials of Auburn University to investigate Muse before hiring him as president of that institution.
 
 
 3
 The district court concluded that Thrower's "constitutional claims are absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, and no longer open to discussion." Accordingly, it dismissed the complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) in an order filed April 29, 1992.
 
 
 4
 In a companion order, the district court permanently enjoined Thrower from filing future lawsuits in the Northern District of Ohio without prior written leave of a United States District Judge for the Northern District of Ohio, and required him to certify that the claims in any such filing have not been raised before. The district court further ordered the Clerk for the Northern District of Ohio to refuse any complaint, regardless of attached leave of the court, without first obtaining telephone confirmation that such leave was, in fact, granted.
 
 
 5
 On appeal, Thrower argues that the district court erred in dismissing his constitutional claims and that the injunction against future filings impermissibly denies him access to the courts.
 
 
 6
 Upon review, we affirm the district court's order dismissing Thrower's complaint pursuant to Fed.R.Civ.P. 12(b)(1) because the court lacked subject matter jurisdiction over Thrower's patently meritless federal claims. See Neitzke v. Williams, 490 U.S. 319, 327 n. 6 (1990); Hagans v. Lavine, 415 U.S. 528, 536-38 (1974). Because the federal claims are insubstantial, the pendent state claims were also properly dismissed. See Wal-Juice Bar, Inc. v. Elliott, 899 F.2d 1502, 1503 (6th Cir.1990).
 
 
 7
 We also affirm the district court's order requiring Thrower to obtain prior leave of the court for future filings and also requiring him to certify that the claims raised in his new filings have never been raised before. This procedure has already been approved by this court with a specific finding that the First Amendment rights of the litigant were not violated. See Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir.1987) (order). See also In the Matter of Packer Avenue Associates, 884 F.2d 745, 748 (3d Cir.1989).
 
 
 8
 Accordingly, the district court's orders dismissing Thrower's complaint and restricting future filings, filed April 29, 1992, are affirmed for the reasons stated by the district court. Rule 9(b)(3), Rules of the Sixth Circuit.