107 F.3d 872
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arnav Lee WHEAT, Petitioner-Appellant,
v.
JESSAMINE JOURNAL NEWSPAPER; Larry Bruner, Police Chief,
Nicholasville, Kentucky; Nicholasville Police Department;
Commonwealth of Kentucky; Rebecca Overstreet, Fayette
Circuit Judge; Roger West, Assistant Commonwealth Attorney,
Respondents-Appellees.
 No. 95-6426.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1996.
 
 Before: NELSON, MOORE, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Arnav Lee Wheat, a pro se Kentucky prisoner, appeals a district court order dismissing his complaint as frivolous under 28 U.S.C. § 1915(d). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Wheat's pleading was construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, a petition for a writ of mandamus pursuant to 28 U.S.C. § 1651, and as a civil rights action under 42 U.S.C. § 1983. The district court also considered Wheat's state tort claims of slander and defamation of character.
 
 
 3
 In September of 1994, Wheat was arrested and charged with several counts of first degree robbery. In his complaint, Wheat alleged that a state court judge erroneously denied his motion to suppress certain admissions he made to police detectives during a six-hour interrogation that took place after he was arrested. Wheat also claimed that a newspaper article published in a local Kentucky paper shortly after his arrest is prejudicial to his case. Lastly, Wheat stated that he has been denied a speedy trial.
 
 
 4
 The magistrate judge considered these claims and recommended dismissing the action as frivolous under § 1915(d). The district court considered Wheat's objections to the report and adopted the magistrate judge's recommendation. On appeal, Wheat presents the same grounds presented to the district court, except for his claim that the defendants should be subjected to criminal prosecution. Therefore, this claim has been abandoned and is not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 5
 A dismissal under § 1915(d) is reviewed under an abuse of discretion standard. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992). The district court did not abuse its discretion in dismissing this matter. Insofar as the pleading was construed as a civil rights action under § 1983, the district court properly abstained from deciding the matter pursuant to the doctrine announced in Younger v. Harris, 401 U.S. 37 (1971). It was also proper for the district court to dismiss the plaintiff's damages claims, rather than hold these claims in abeyance, see Deakins v. Monaghan, 484 U.S. 193, 202 (1988), because Wheat failed to state a "viable" damages claim against any one of the defendants. Kelm v. Hyatt, 44 F.3d 415, 421 (6th Cir.1995).
 
 
 6
 The district court properly held that it could not grant habeas relief if Wheat's complaint is construed as a petition under § 2241, because Wheat had not yet exhausted his remedies in state court at the time he filed his petition in district court. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-90 (1973). The district court could not grant Wheat a writ of mandamus under 28 U.S.C. § 1651, because a federal court may invoke this statute only in aid of its jurisdiction. Stafford v. Superior Court, 272 F.2d 407, 409 (9th Cir.1959) (per curiam), cert. denied, 362 U.S. 979 (1960). Wheat's supplemental state law claims were properly dismissed, because his federal claims have no merit. 28 U.S.C. § 1367; Wal-Juice Bar, Inc. v. Elliott, 899 F.2d 1502, 1504-05 (6th Cir.1990).
 
 
 7
 Accordingly, the district court's order dismissing this complaint as frivolous is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.